ANNE S. BELLEAU *v.* W. THOMPSON, JR., AND W. W. STOW.

| 33 | 495 |
| 82 | 416 |

COUNTER CLAIM.—A counter claim is a cause of action in favor of the defendant upon which he might have sued the plaintiff, and obtained affirmative relief, in a separate action.

IDEM.—Where, to an action commenced April 5th, 1867, by B. against T. and S., charging T. and S. as joint makers of a promissory note made and delivered to plaintiff March 22d, 1864, and by its terms payable on demand, S. answering separately, denied the averments of the complaint, and set up that T. made the note sued on, which S., at T.'s request and for T.'s accommodation solely, indorsed and delivered to B. to be negotiated ; that no demand for payment had ever been made of T. or notice of dishonor of the note served on S., and prayed judgment that S. is in nowise indebted or liable to plaintiff on said note : *held*, that the answer did not constitute a counter claim.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

This was an action on a promissory note, by its terms bearing interest, payable monthly until paid, alleged to have been made by the defendants, and delivered to the plaintiff April 22d, 1864, and payable on demand. The action was commenced April 5th, 1867. To the complaint defendant W. W. Stow answered, by first, denying the material averments of the complaint; second, set up that the note sued on was made by defendant Thompson, and, at the request of Thompson, and for his accommodation solely, he (Stow) indorsed the same and delivered it to plaintiff to be negotiated by him; that no demand for payment had ever been made of Thompson, or notice of dishonor of the note served on him (Stow), and prayed that he be adjudged to be in

nowise indebted or liable to plaintiff on said note, and for costs of suit.

Upon service of said answer, the plaintiff, without notice to the defendants or either of them, procured an order of the District Court dismissing said action, which order was finally affirmed by the District Court, upon consideration of a motion made by defendant Stow for the vacation of the same, upon the ground that his said answer set up a counter claim, and, if true, entitled him to affirmative relief. Defendant Stow excepted to said order, and appealed therefrom to this Court.

*Patterson, Wallace & Stow,* for Appellants.

If the answer of Stow constitutes a *counter claim*, then the plaintiff was not at liberty to dismiss the action without the consent of Stow. (Practice Act, Sec. 148, Subd. 1st.) The answer of Stow *does* constitute a "counter claim." It contains "a cause of action" in his favor and against the plaintiff Belleau. (Practice Act, Sec. 527.) And the cause of action which it contains is clearly "a cause of action arising out of the transaction set forth in the complaint." (Practice Act, Sec. 47, Subd. 1st.)

*Campbell, Fox & Campbell,* for Respondent, argued that appellant's answer did not set up a counter claim, because : first — the prayer of his answer is at most for something less than affirmative relief demanded; and, second, because the facts set forth in appellant's answer do not, in legal judgment, entitle him to the relief demanded, or any judgment against plaintiff other than costs; and to the latter point cited 6 Dow. & Ry. 379; *Burrough* v. *White,* 9 M. & W. 15; 21 Pick. 267; 1 Met. 369; 2 Met. 288; 1 Cow. 397; *Merritt* v. *Todd,* 23 N. Y. 31; 3 Hill, 582; 2 Hill, 429; *Berriah* v. *De Groot,* 5 Duer, 380; 12 How. P. R. 310; 10 How. P. R. 72.

By the Court, Sanderson, J.:

The matter contained in the answer of Stow may constitute a good defence to the action, but it does not constitute a counter claim upon which he can obtain any relief against the plaintiff. A counter claim is a cause of action in favor of the defendant upon which he might have sued the plaintiff and obtained affirmative relief in a separate action. Had Stow sued the plaintiff in a separate action, upon the facts stated in his answer, what relief could he have obtained? Nothing short of a cancellation of the note, or his indorsement thereon, would afford him any relief. He could have obtained neither, for the plaintiff, notwithstanding she may not be able to recover against Stow, is entitled to hold the note as against Thompson, and to hold the indorsement of Stow for the purpose of making title.

Order affirmed.

Neither Mr. Justice Shafter nor Mr. Chief Justice Currey expressed an opinion.