[Civ. No. 3547. Third Appellate District.—July 17, 1928.]

MARIA DE LOS ANGELES LOPEZ et al., Plaintiffs; AMERICAN MUTUAL LIABILITY INSURANCE CO. (a Corporation), Appellant, v. PACIFIC ELECTRIC RAILWAY CO. (a Corporation), Respondent.

Willis I. Morrison, for Appellant.

Frank Karr, E. E. Morris and C. W. Cornell for Respondent.

WEYAND, J., *pro tem.*—On May 19, 1923, one Estanislao Martinez was killed at Wilmington, Los Angeles County, by the alleged negligence of the defendant Pacific Electric Railway Company. Within one year thereafter, and on May 7, 1924, Maria de Los Angeles Lopez filed her complaint in the superior court of Los Angeles County for damages in the sum of fifteen thousand dollars, she claiming to be the widow and the sole heir at law of the deceased Martinez.

This action did not come to trial until September 18, 1925, more than one year after the death of Martinez. Upon the last-named date, pursuant to a written stipulation of the attorneys representing both the plaintiff and the defendant company, an order was made permitting the American Mutual Liability Insurance Company to join as a plaintiff. As much discussion follows with regard to the wording of this stipulation and order we will give them in full. The stipulation was worded as follows: "It is hereby stipulated between the above named parties and the American Mutual Liability Insurance Company, a corporation, through their respective counsel, that the last named corporation was the compensation insurance carrier of the Banning Company, the employer of Estanislao Martinez, deceased, at the time of the injury and death for which recovery is sought, and may be joined as a party plaintiff in the above entitled action, and that it shall have

a first lien on any amount awarded to the above named plaintiff, such lien, however, to be limited in extent to the amount of such expenditures as it may have made for compensation under the Workmen's Compensation Act of 1917 as amended.''

The order of the court permitting the insurance company to join in the action as a plaintiff was worded as follows: ''Pursuant to the written stipulation of the parties to this action, the order is now made that the American Mutual Liability Insurance Company, a Corporation, be joined as a party plaintiff along with Maria de Los Angeles Lopez, the present plaintiff.''

After the making of this order a jury was regularly impaneled, and the trial begun. Mrs. Lopez was called as a witness in her own behalf, and it developed from her testimony that the deceased had brothers and sisters living who were not made parties to the action. It appeared that the deceased left surviving him neither parents nor offspring.

A witness was then introduced, who was proceeding to testify as to the details of the alleged accident, whereupon a motion was made by the attorney for the defendant railway company to exclude further evidence in the case ''on the ground that the parties plaintiff are not all the heirs, as provided for under section 377 (Code Civ. Proc.) as has been shown by the testimony of the plaintiff herself that the deceased left several brothers and sisters.'' This motion was granted by the trial court.

Immediately thereupon the attorney for the insurance company asked for permission to amend the complaint, to set up the fact that at the time of the alleged accident the deceased was an employee of the Banning Company. That the Banning Company was insured with the American Mutual Liability Insurance Company. That this insurance company paid compensation under the Workmen's Compensation Insurance Law, and that there were other heirs as shown by the testimony, and that none of these heirs sustained any pecuniary loss by reason of the death of the deceased Martinez. And to amend the prayer to the complaint, praying first for the total damages sustained by the widow and the insurance carrier, and, secondly, for the

amount of compensation paid out by the insurance carrier. The original plaintiff made no request for permission to amend.

Counsel for the railway company then objected to the granting of this permission to amend, upon the following grounds: "That this is an attempt to set up a new cause of action, setting up a subrogation of the insurance company for and on behalf and on account of money expended by reason of the death of the deceased, which would be a new cause of action. The second reason is that under the stipulation it came in as a party plaintiff merely for the purpose of participating in any judgment that might be rendered in favor of the plaintiff Maria de Los Angeles Lopez, and to that extent only in which they could possibly recover from the Pacific Electric Railway Company in all other actions or in any other amended complaint which they might attempt to set up. That would be under section 340 of the Code of Civil Procedure."

The language of counsel is far from lucid. We take it to mean that because the year within which such an action could be brought had elapsed, the insurance company could not amend, to state a new cause of action.

The record discloses no formal ruling, either on the request to amend or upon the objection to the offer so to do; but immediately thereupon counsel for the railway company moved the court for a nonsuit, upon the following grounds: "On the ground that the complaint does not state facts sufficient to constitute a cause of action, after the examination of the plaintiff herself, which developed that there were heirs existing who should have been made parties plaintiff or defendant, and it being fatally defective under section 377 of the Code of Civil Procedure."

This motion for nonsuit was granted. The original plaintiff, Mrs. Lopez, did not appeal. This appeal is by the insurance company alone.

As this matter is presented it resolves itself into the question as to whether the stipulation and order of the court limited the plaintiff insurance company so as to share in any judgment Mrs. Lopez would obtain, or whether by making the order admitting the company as a party plaintiff, this company became a party plaintiff in its own right, to the end that it could enforce its rights inde-

pendently of and even adversely to the original claimant. The right of the insurance company to join as a plaintiff is given by section 26 of the Workmen's Compensation Insurance and Safety Act of 1917. [Stats. 1917, p. 831.] This law is to be liberally construed. (Section 69 of the above statute.)

At the time the nonsuit was granted *Rabe* v. *Western Union Telegraph Co.*, had just been decided by the district court of appeal. That case decided that heirs omitted from the original complaint could not be joined after the one-year limitation provided for by section 340 of the Code of Civil Procedure. That case, however, was reheard by the supreme court and the contrary doctrine was announced. (See *Rabe* v. *Western Union etc. Co.*, 198 Cal. 290 [244 Pac. 1077].)

The plaintiff insurance company was in court and made request that the complaint be amended. The Workmen's Compensation Law, section 26, *supra,* provided that such an insurer may join as a party at any time before trial and have a lien upon any judgment the heir may recover, to the extent of the loss paid by it. If this provision of the act is to be liberally construed it should be taken to mean that if upon proper application, at any time, before trial, a party is admitted, it entitles such person to be an independent party to the cause.

It is true the stipulation was worded so as to permit participation in any judgment the original plaintiff might obtain. We cannot, however, construe that stipulation and order as meaning that the appellant here did not have the usual rights of a plaintiff to control its own case. Respondent contends, in effect, that because the plaintiff Lopez failed to appeal, the judgment against her has become final, and that as she cannot now obtain a judgment against defendant railway company, that to now allow the insurance company to proceed with the action, after the one-year limitation provided for by section 340 of the Code of Civil Procedure, is to allow the insurance company to bring its action, although the year has expired.

The original parties, by stipulation, allowed the insurance company to join as a plaintiff. If any objection is to be urged on that ground it should have been made upon the presentation of their motion to be joined as such

plaintiff. Again, the cause of action for the death of Martinez was already brought within the limitation provided for by section 340 of the Code of Civil Procedure. (See *Rabe* v. *Western Union etc. Co., supra.*) Quoting from the Rabe case: "Defendants would have suffered no prejudice by bringing in the absent heirs as no issue would have been changed thereby." Still, again, the Workmen's Compensation Insurance Act gives to an insurer who has paid an indemnity the right to enter his appearance at any time before trial.

We are of the opinion that there is nothing in the language of the stipulation that limits a recovery by the insurance company, and makes a recovery by them dependent solely upon a recovery by the original plaintiff. It is true that in a certain sense the measure of recovery by the widow would limit the recovery by the insurer, but giving the stipulation and order a fair construction they should mean that the insurer, when admitted, becomes a party with all the usual rights incident to being a party.

Then we come to the sole question: "Was the request to amend a reasonable and proper request under the circumstances?" The original plaintiff was a Mexican woman. Her testimony was elicited through an interpreter. There was nothing to indicate that she omitted the heirs for a fraudulent purpose. The insurance company had a right to rely upon her verified complaint as filed. As far as shown by the record, the first intimation that any of the attorneys, either for the widow or the insurer, had, as to there being other heirs, was upon the trial. Under such circumstances as here shown we believe it was error to refuse the request to amend. (*Rabe* v. *Western Union Telegraph Co., supra.*)

For the foregoing reasons the order granting the nonsuit, in so far as it relates to the appellant American Mutual Liability Insurance Company, is reversed, with directions that it be allowed to amend the complaint on file by bringing in the omitted heirs, either as plaintiffs or defendants, as it may be advised.

Finch, P. J., and Hart, J., concurred.