[S. F. No. 16721. In Bank. June 30, 1942.]

ALFRED VOYCE, as Executor, etc., et al., Petitioners, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

John L. McNab and Jackson Maddux for Petitioners.

Devine & Devine and Preston Devine for Respondent.

CARTER, J.—Petitioners seek to have respondent superior court prohibited from proceeding with the trial of a will contest.

Elizabeth M. Cox died testate on February 8, 1940. Her will was admitted to probate by respondent superior court, on March 1, 1940, petitioner Voyce being named executor. On August 24, 1940, six days before the expiration of the six months' period in which a contest could be initiated, Iris Taylor, a cousin of the deceased, filed a petition to revoke the probate of the will charging therein unsoundness of mind, lack of due execution, undue influence and

fraud. She named as defendants therein executor Voyce, Charles R. Lamb, Arvilla Coons, Rosamond Nelson and several other persons. Defendants Charles R. Lamb, Coons and others, but not Nelson, filed their answer to Taylor's petition on August 30, 1940, within the six months' period, in which they admitted all of the allegations of the petition, alleged that they were cousins of the deceased, adopted the allegations of the petition, and prayed that the probate of the will be revoked. Defendant Voyce, petitioner herein, filed his answer on March 19, 1941, denying the allegations of the petition. Franklin Chester and other legatees under the will likewise denied the allegations of the petition by their answer filed in December, 1940.

On May 3, 1941, Charles R. Lamb, upon obtaining leave of court therefor, filed a petition in intervention and had a citation issued thereon in the contest proceedings, praying for the revocation of the probate of the will; the petition in intervention attacked the will on the same grounds as alleged in contestant Taylor's petition, and in fact was identical therewith. On May 5, 1941, Taylor filed in the proceedings a voluntary dismissal of her contest. On July 1, 1941, Coons and Nelson, with leave of court, filed a petition in intervention in aid of the intervention of Charles R. Lamb. A motion by Chester made on July 17, 1941, to have Lamb's petition in intervention dismissed was denied by the court.

The trial court has threatened to proceed with the trial of the contest which petitioners assert it is without jurisdiction to do because the petitions in intervention were filed after the expiration of the six months' period since the admission of the will to probate (Prob. Code, § § 380, 384), and contestant Taylor's contest which was the only one filed in time, has been dismissed.

 While petitioners seek to have restrained the trial of the proceeding embraced in the intervention of Lamb, Coons and Nelson, there is no material distinction between that proceeding and the contest of the will filed by Taylor. It is alleged in the petition for prohibition, and not denied, that the grounds of contest set forth in the petitions in intervention are identical with those set forth in Taylor's petition, in fact, that the former are copies of the latter. As heretofore seen, Lamb and Coons in their answer to Taylor's petition which was filed within six months after the admission of the will to

probate, admitted the allegations of Taylor's petition, and adopted them, and prayed that the admission of the will to probate be revoked. Therefore, it cannot be said as to those two persons, that they were not active participants in the contest within the six months' period. Their answer having raised the same issues which were raised by Taylor's petition and by their later petitions in intervention, it would appear that these latter petitions added nothing to the subject matter over which the court had already acquired jurisdiction, namely, the validity of the will tested in the light of the specified grounds of attack. If Taylor's purported dismissal did not divest the court of jurisdiction to hear the contest on the grounds specified, then there can be no doubt that the hearing may proceed on those grounds, and, in the ultimate result, it is of small consequence whether such a proceeding would be technically considered as under the petitions in intervention or under the affirmative claims made in the answer. The essential issue for determination in either case is whether or not the will is vulnerable to the attack upon it. If it is found valid or invalid in response to the grounds of attack here advanced, it is so *in toto,* and all interested persons will be affected either beneficially or adversely as the case may be, regardless of whether they participate in the contest, excepting of course those persons who fall within the disability class.

The foregoing conclusion follows from the statutory provisions on the subject and the nature of the proceeding itself. Section 380 of the Probate Code provides that any interested person (with certain exceptions) may contest the validity of the will at any time within six months after the will is admitted to probate. Under section 382 of that code if a will is found invalid the probate must be revoked and the powers of the executor cease. Section 384 of the Probate Code provides:

"If *no person* contests the validity of a will or of the probate thereof *within the time specified in this article, the probate of the will is conclusive,* saving to infants and persons of unsound mind who were not made parties to the proceeding a like period of six months after their respective disabilities are removed." (Italics added.) As to any person failing to contest the will within six months, the "probate of the will is conclusive" (except as to certain persons), then conversely if the will is contested within six months upon the

grounds here involved, the probate of the will is not conclusive, and if the probate is revoked it is revoked as to everyone. ■ A will contest is in the nature of a proceeding *in rem* although it has some of the aspects of a proceeding *inter partes.* (*Estate of Golden,* 9 Cal. (2d) 647 [72 P. (2d) 113] ; *Estate of Baker,* 170 Cal. 578 [150 Pac. 989] ; *Estate of Relph,* 192 Cal. 451 [221 Pac. 361] ; *Estate of Sankey,* 199 Cal. 391 [249 Pac. 517].) Hence the determination in a will contest on the grounds here involved, that the will is invalid, where the contest has been filed within six months after the admission of the will to probate, and due notice has been given, has the effect of invalidating the will *in toto* and as to everyone interested therein, regardless of whether they actively participated in the contest. (*Estate of Freud,* 73 Cal. 555 [15 Pac. 135] ; *Scott* v. *Superior Court,* 125 Cal. App. 513 [14 P. (2d) 99] ; *Estate of Golden, supra; Security T. & S. Bk.* v. *Superior Court,* 21 Cal. App. (2d) 551, 553 [69 P. (2d) 921] ; *Clements et al.,* v. *McGinn et al.,* 4 Cal. Unrep. 163 [33 Pac. 920] ; see also *Fletcher* v. *Superior Court,* 79 Cal. App. 468, 476 [250 Pac. 195].) We are not here concerned with the rights of persons under disability to contest a will after the six months' period, nor the effect of such a contest by them upon the rights of persons under no disability where no contest was initiated within six months. (See, *Samson* v. *Samson,* 64 Cal. 327 [30 Pac. 979] ; *Security T. & S. Bk.* v. *Superior Court, supra;* and *Estate of Golden, supra.*) ■ Thus it appears that, independent of the petitions in intervention, if the court did not lose jurisdiction of the contest by reason of the dismissal, it could proceed under the contest initiated by Taylor to determine the validity of the will, and any judgment rendered would be binding upon Lamb, Coons and Nelson and all the other persons interested who were properly notified thereof, even though they did not actually participate therein. Although as far as appears, Nelson did not answer Taylor's petition as was done by Lamb and Coons, she would nevertheless benefit along with the other heirs if the will were declared invalid.

Turning then to the question of whether the dismissal by Taylor of her petition terminated the contest and divested the court of jurisdiction to hear it, but still considering only the contest as initiated by her and the answer of Lamb and

Coons thereto separate from the petitions in intervention, we believe that the dismissal did not accomplish that result.

It is clear that section 581 of the Code of Civil Procedure, providing for dismissals, is applicable to will contests. (See *Estate of Cook*, 205 Cal. 581 [271 Pac. 1083]; *Estate of Knauft*, 59 Cal. App. 536 [211 Pac. 29]; *Estate of Gurnsey*, 61 Cal. App. 178 [214 Pac. 487]; *Estate of Matthiessen*, 10 Cal. App. (2d) 323 [52 P. (2d) 248].) That rule follows from the provisions of section 1233 of the Probate Code stating that the provisions of part II of the Code of Civil Procedure constitute the rules of practice in probate proceedings in regard to matters of procedure not otherwise covered by the Probate Code. Section 581 of the Code of Civil Procedure is in part II thereof. It has recently been held by this court that section 581 is applicable to proceedings to determine heirship, whose nature is quite similar to a will contest. (*O'Day* v. *Superior Court*, 18 Cal. (2d) 540 [116 P. (2d) 621].)

The attempted dismissal by Taylor of her contest was under the first subdivision of section 581 which authorizes a plaintiff to dismiss at any time before trial by filing a written request with the clerk "provided that a counterclaim has not been set up, or affirmative relief sought by the cross-complaint or answer of the defendant." Lamb and Coons asked for affirmative relief in their answer. They adopted the allegations of contestant Taylor's petition for revocation of probate and asked that the probate be revoked. ■ Section 381 of the Probate Code authorizes a pleading to the contest stating that the citation in the contest must be directed to the executor, devisees, legatees and heirs "directing them to plead to the contest within thirty days after service of the citation." The authority to plead to the contest is sufficiently comprehensive to authorize a pleading which adopts and agrees with the position taken by the contestant, and attacks the validity of the will. It is contemplated by the Probate Code that those authorized to plead to the contest may be either plaintiffs or defendants.

■ Therefore, in the instant case Lamb and Coons by their pleading to the contest may be considered either as joining themselves as plaintiffs by answer inasmuch as they aligned themselves on the side of contestant Taylor, or as parties seeking affirmative relief as to the subject matter, the

validity of the will, and the rights in the property of the estate as affected thereby, which affirmative relief is in nature similar to that mentioned in section 581(1) of the Code of Civil Procedure. In either event the contestant plaintiff cannot deprive them of the right to be heard on those issues by a voluntary dismissal of her contest under section 581(1). If their pleading is considered a request for affirmative relief under that section the very terms thereof prevent that result. If by their pleading they became joint contestants with Taylor, then they are in a position analogous to that where several plaintiffs join in an action. One of several plaintiffs joined in an action may not dismiss it to the prejudice of his coplaintiffs.

■ We believe that it is equally clear that an interested person as mentioned in section 380 of the Probate Code may intervene in a will contest initiated by another interested person within six months after probate, even though the intervention is filed after the expiration of the six months' period.

Section 387 of the Code of Civil Procedure provides in part: "At any time before trial, any person, who has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both, may intervene in the action or proceeding. An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and the defendant. . . ." That section is a part of part II of the Code of Civil Procedure, and under Section 1233 of the Probate Code, is a matter of procedure applicable to will contests. (See cases cited *supra*, with respect to the applicability of section 581 of the Code of Civil Procedure.) No valid reason has been advanced why the provisions for intervention should not be applicable to will contests. Reasons of policy dictate that they should. Justice may always be better served by the presence before the court of all of the interested parties. It has been held that section 385 of the Code of Civil Procedure (appearing in part II, title 3, thereof under the title "Parties to Actions," the same title in which section 387 appears) which deals with abatement of actions and substitution of parties, is applicable to will contests (*Estate of Baker,*

170 Cal. 578 [150 Pac. 989]); and that section 389 of the Code of Civil Procedure dealing with the bringing in of new parties, appearing in the same part and title of that Code is applicable to will contests. (*San Francisco Protestant Orphan Asylum* v. *Superior Court*, 116 Cal. 443 [48 Pac. 379].)

The right to file a petition in intervention under the circumstances present here was not barred by reason of the fact that it was not filed within six months after probate; there was a will contest pending, which was filed in time and no attempt was made to raise new grounds of contest. The contest which was filed within the six months' period inured to the benefit of persons who did not join therein as contestants. (*Estate of Butzow*, 21 Cal. App. (2d) 96 [68 P. (2d) 374]; *Weichold* v. *Day*, 118 Kan. 598 [236 Pac. 649]; *Buchanan* v. *Davis* (Tex. Civ. App.) 43 S. W. (2d) 279; *Maurer* v. *Miller*, 77 Kan. 92 [93 Pac. 596; 127 Am. St. Rep. 408, 15 Ann. Cas. 663], 28 R. C. L., 390, 394.) Petitioners vigorously criticize the Butzow case and assert it cites authorities from other jurisdictions which are not in point. But as will be apparent from the discussion herein, we are convinced that the rule there laid down is sound. They also intimate that it is questioned in *Security T. & S. Bk.* v. *Superior Court, supra,* but on the contrary the court in that case approves the rule stating at page 553:

"These sections of the Probate Code (sections 380, 382 and 384) not only provide for a contest but clearly provide that *the probate of a will is not conclusive until six months has expired after the order* was entered, and then *only if no person has filed a contest. If a contest filed within that time, before the probate has become conclusive, results in the will being declared invalid it clearly follows that it is invalid for all purposes.* The petitioners cite as controlling here the recent case of *Estate of Butzow, ante,* p. 96 [68 P. (2d) 374]. That case *illustrates the point we are now making.* A contest was there filed within the six months' period provided by the statute, *the order admitting the will to probate never became conclusive,* any judgment that might be entered setting aside the will would apply to it *in its entirety, and the statute of limitations,* by its own terms, *had not run* against *any* heir." (Italics ours.) This follows from the statutory provisions. Section 380 of the Probate Code provides that any person (with certain exceptions) may within six months after pro-

bate, contest the validity of the will. Section 384 provides that if "no person" contests the validity of the will within six months the probate of the will is conclusive except as to certain persons under disability. In the instant case an interested person has contested the will within time, namely, contestant Taylor. ■ It is urged that the six months' period is a limitation on the court's jurisdiction to entertain the contest rather than a statute of limitation (*Estate of Smith*, 214 Cal. 50 [3 P. (2d) 921]; *Scott* v. *Superior Court, supra*); but as we have seen, a proceeding to contest a will is in the nature of a proceeding *in rem*, and when once the jurisdiction of the court to determine the validity of the will attaches by the filing of a contest in time, it does not lose jurisdiction thereof until disposition has been made of the matter, or, stating it another way, the order admitting the will to probate does not become final within six months if a contest is filed.

■ The filing by contestant Taylor of a request for the dismissal of her contest did not oust the court of jurisdiction under the circumstances here presented. Prior to that dismissal the court had jurisdiction of the subject matter; that is, a contest of the will on the grounds stated in the contest, and the intervention was filed prior to the dismissal, claiming the identical relief involved in the contest then before the court. While a will contest may be in some respects adversary as contended by petitioners, it is fundamentally a proceeding *in rem*. The jurisdiction of the court attaches to the *res*, the subject matter of the action, to wit, the validity of the will. It is similar to the addition of new parties plaintiffs who seek the identical relief as the original plaintiff. It has been held that additional plaintiffs, heirs of the deceased, may be brought into an action for wrongful death by amendment to the complaint because no new issues are raised or a new cause of action stated. (*Rabe* v. *Western Union Tel Co.*, 198 Cal. 290 [244 Pac. 1077]; *Lopez* v. *Pacific Electric Ry. Co.*, 93 Cal. App. 196 [269 Pac. 685].) In the case at bar no new issues, that is, grounds of contest have been raised, and no prejudice has been suffered by petitioners. The case is not like *Tubbs* v. *Delillo*, 19 Cal. App. 612 [127 Pac. 514], or *Mars* v. *McKay*, 14 Cal. 127, where the court was considering in an action for the foreclosure a mechanic's lien, the addition of parties with mechanic's liens on the same prop-

erty. There each lien holder's right was dependent upon his personal lien, and the addition of other parties, each with his independent lien, would require the pleading of new causes of action, as new and distinct issues would be raised. In the case at bar no new issues are raised, the issues are identical, that is, the validity of the will with reference to the specified grounds of attack. It is not the purpose of the contest to determine heirship, or the rights as between the contestants to to the assets of the estate, but the validity of the will is the only issue.

Although Taylor could withdraw as a contestant, she could not by a dismissal of her contest deprive the interveners of their right to have the contest heard and determined.

The alternative writ of prohibition is discharged. The petition for a peremptory writ of prohibition is denied.

Gibson, C. J., Shenk, J., Curtis, J., and Traynor, J., concurred.