[Civ. No. 13591. First Dist., Div. Two. Dec. 8, 1947.]

Estate of JOHN ARTHUR SOMERS, Deceased. RUTH JENSEN SOMERS, Appellant, v. BANK OF AMERICA et al., Respondents.

Phil F. Garvey, Fitz-Gerald Ames and James A. Himmel for Appellant.

Sylvester J. McAtee, Lane & Casey, Glenn A. Lane and James F. Brennan for Respondents.

DOOLING, J.—Following the filing of a petition for the probate of an alleged last will of the decedent, his widow, the appellant, filed a contest before probate under Probate Code, section 370. Issue having been joined by the filing of answers, the contest on May 13, 1947, was set for trial on June 10, 1947. On June 2, 1947, respondents served a notice on appellant's counsel that her contest was set for trial on June 10. On the morning of June 10, appellant made a motion for continuance of the trial of the contest to a later date, which was denied. Thereupon, a jury was impaneled and the further hearing of the contest was continued to the following morning. On June 11, appellant's counsel filed with the clerk a written dismissal of the contest pursuant to Code of Civil Procedure, section 581. When the trial was resumed on June 11, counsel for appellant announced to the court that the dismissal had been filed and handed a certified copy of the dismissal to the judge, and after some colloquy between court and counsel appellant and her counsel left the courtroom.

The trial court treated the dismissal of the contest as ineffective and after the taking of the testimony of the witnesses to the will made findings that none of the grounds of contest was true and of the due execution of the proposed will and entered its decree against the contestant and admitting the proposed will to probate. The appeal is taken from this decree.

At the outset we are met by the claim of respondents that their answers prayed for affirmative relief and the attempted voluntary dismissal of the contest was for that reason ineffective. Code of Civil Procedure, section 581, subdivision 1 provides, so far as here material:

"An action may be dismissed . . . in the following cases: 1. By the plaintiff, by written request to the clerk, filed with the papers in the case . . . at any time before the trial . . . provided that a counterclaim has not been set up, or affirmative relief sought by the cross-complaint or answer of the defendant."

 It is settled that this section is applicable to will contests. (*Voyce* v. *Superior Court*, 20 Cal.2d 479 and cases cited on p. 484 [127 P.2d 536].) It is also settled that a voluntary dismissal may be filed at any time before the submission of the cause. (9 Cal.Jur. 510.) These rules are not questioned by respondents, their only claim in this regard being that affirmative relief was sought by their answers and hence the proviso of the quoted section forbade the dismissal.

 The contest alleged facts showing the incompetency of the petitioner to make the contested will and also lack of the due execution. It further set out an earlier will executed by the decedent and asked the admission to probate of this earlier will. The answers denied the allegations of lack of competency and due execution and alleged that the earlier will offered by contestant for probate was revoked by the later will. The prayers of the answers included a prayer that the earlier will be denied probate and that the later will be admitted to probate. It is these parts of their prayers upon which respondents rely to support their claim that affirmative relief is sought by their answers.

It seems clear that the prayer that the earlier will be denied probate is purely defensive and in no sense a prayer for affirmative relief. The prayer that the later will be admitted to probate is supported by no allegations in the answers setting up any facts entitling the later will to probate. Those allegations are found only in the petition for probate originally filed and this part of the prayer found in the answers amounts to no more than a repetition of the prayer of the original petition. An answer cannot be said to seek affirmative relief within the meaning of Code of Civil Procedure, section 581, subdivision 1, unless it contains affirmative allegations or introduces new affirmative matter entitling the pleader to such relief. (*Simpson* v. *Superior Court*, 68 Cal. App.2d 821 [158 P.2d 46] ; *Belleau* v. *Thompson*, 33 Cal. 495.) If the mere naked prayer for affirmative relief, unsupported by any allegations of the answer could prevent the voluntary

dismissal of the contest, then the insertion of such an unsupported prayer in the answer in any action would accomplish the same result. ■ "A prayer cannot aid a defective pleading." (21 Cal.Jur. 68.)

■ Respondents rely on *Voyce* v. *Superior Court, supra,* 20 Cal.2d 479; and *Estate of Matthiessen,* 10 Cal.App.2d 323 [52 P.2d 248].) In the Voyce case the allegations of a contest were adopted by some of the answers and based on those facts the answering parties joined in the prayer for the revocation of the will. The case is distinguishable on this ground. There is language in the Matthiessen case which seems to support respondents. An examination of the opinion, however, shows this language to be dictum not necessary to the decision, since it appears from the statement of facts that no written dismissal was filed with the clerk pursuant to Code of Civil Procedure, section 581, subdivision 1, but instead a motion to dismiss was made pursuant to subdivision 4 of the same section, and the point actually presented for decision was whether the probate judge abused his discretion in denying this motion. The court further pointed out (10 Cal.App.2d, p. 324) that the answer "set forth an additional ground for the admission of the will to probate." We are satisfied that the mere repetition in the answer, unsupported by any new allegations of fact, of the prayer for admission of the will to probate, cannot operate to prevent the voluntary dismissal of a contest under Code of Civil Procedure, section 581, subdivision 1.

This conclusion renders moot the question whether the continuance sought by appellant was properly denied since, appellant having voluntarily dismissed her contest, no action of this court can reinstate it and her only recourse is the filing of a new contest. (*Estate of Hoover,* 139 Cal.App. 753 [35 P.2d 188]; *Estate of Cook,* 205 Cal. 581 [271 P. 1083].) ■ We may add, however, that the showing for a continuance that appellant's counsel, without any inquiry as to whether the contest would actually come to trial on June 10, failed to subpoena the necessary witnesses in reliance on the alleged fact that a large percentage of cases set for trial did not actually go to trial on the date originally set in our view shows on its face such a lack of proper diligence as to fully justify the order denying the continuance.

■ Appellant attacks the order admitting the will to

probate as unsupported by sufficient evidence. When appellant dismissed her contest there was nothing to prevent the court's hearing the original petition to probate the will of decedent. The attesting witnesses were sworn and gave testimony establishing prima facie the due execution of the will and the competency of the testator. The fact that leading questions were asked is unimportant. In the absence of a contest, that is normal practice and facilitates the routine business of the probate courts. The legal presumption is always in favor of the testator's competency (*Estate of Henderson,* 196 Cal. 623, 636-7 [238 P. 938]) and the evidence on that subject introduced on the hearing was not necessary and only served to reinforce the presumption.

The portions of the decree purporting to decide the contest and to deny admission to probate of the earlier will were withdrawn from consideration of the court by the dismissal and are accordingly reversed. The portion of the decree admitting the will to probate is affirmed. Appellant is allowed her costs on appeal.

Nourse, P. J., and Goodell, J., concurred.

A petition for a rehearing was denied January 7, 1948, and respondents' petition for a hearing by the Supreme Court was denied February 5, 1948. Schauer, J., voted for a hearing.