[Civ. No. 14421. First Dist., Div. One. Sept. 22, 1950.]

Estate of MARIA R. WALTERS, Deceased. ROSE BREWSTER, Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION et al., Respondents.

Robert E. Hatch for Appellant.

Norman Elkington and Sylvester Andriano for Respondents.

PETERS, P. J.—This is a frivolous appeal.

Maria R. Walters died testate on December 22, 1945, her will having been executed on November 19, 1945. On January 11, 1946, her will was admitted to probate, and the respondent bank appointed executor. On March 5, 1946, respondent Peter Crann filed a will contest alleging that he was a devisee under a prior will executed by Maria, and that she was mentally incompetent when the will of November, 1945, was executed. On January 28, 1947, the beneficiaries named in the will admitted to probate and Crann compromised their respective claims, and, pursuant to such compromise, the parties stipulated that the Crann contest should be dismissed.

Four days before this dismissal was entered, that is, on January 24, 1947, one Bernard Stimmel, without leave of court, filed a document entitled "Joinder in Petition for Revocation of Probate of Will." In this petition Stimmel requested that he "be permitted to join in the contest" then pending, and that the probate of the will be revoked. In April of 1947, Crann moved to strike this document from the files on the ground that it had been filed without leave of court and without authority of law. The motion was granted. Stimmel appealed, one of his attorneys on such appeal being Robert Hatch, the attorney for appellant on the present

appeal. The order of dismissal was unanimously affirmed by Division Two of this court. A petition for hearing was denied by the Supreme Court, one justice dissenting. (*Estate of Walters*, 89 Cal.App.2d 797 [202 P.2d 89].) This opinion was filed in January, 1949, and became final in March of that year.

On May 31, 1949, at a time when both the Crann and Stimmel contests were no longer pending, both having been dismissed, appellant Rose Brewster, with Hatch as her attorney, filed what purports to be a contest to revoke the probate of the will. She alleged that she was one of the heirs of Maria Walters, that the will admitted to probate some three years and five months before the contest was filed had been improperly executed, and had been executed while the decedent was of unsound mind, and while she was under the undue influence of certain persons. Upon motion of respondent Crann, the Brewster contest was stricken from the files, and, on the same day, the court entered a decree of rateable distribution. Brewster appeals from the order and from the decree.

■ . There can be no doubt at all that the court properly struck from the files the Brewster contest, on the ground that it had been filed much too late. Section 380 of the Probate Code provides: "When a will has been admitted to probate, any interested person, other than a party to a contest before probate and other than a person who had actual notice of such previous contest in time to have joined therein, may, at any time within six months after such probate, contest the same or the validity of the will. . . ."

Section 384 of the Probate Code states: "If no person contests the validity of a will or of the probate thereof within the time specified in this article, the probate of the will is conclusive, saving to infants and persons of unsound mind who were not made parties to the proceeding a like period of six months after their respective disabilities are removed."

Under these sections a contest must be filed within six months of the date the will is admitted to probate, or the order admitting to probate is conclusive. The language of the sections is susceptible of no other interpretation. But, says appellant, Crann filed a contest within the six-month period, and, although that contest was dismissed on January 28, 1947, the mere filing of such a contest kept alive, until the entry of the decree of final distribution, the right of any person to contest the admission of the will to probate. In support of this startling contention, which would vitiate the provisions above

quoted and interminably prolong the probate of estates, the sole authority relied upon is *Voyce* v. *Superior Court,* 20 Cal.2d 479 [127 P.2d 536]. That case stands for no such proposition. In that case a timely contest after probate was filed. While that contest was still pending, but after six months from the date the will was admitted to probate, a contestant sought leave to intervene and to contest the will on the identical grounds urged in the first contest. After this petition for intervention had been filed, the first contestant voluntarily dismissed her contest. Thereupon, a motion was made to dismiss the petition in intervention. When this motion was denied, prohibition was sought to prohibit the trial of the contest. The Supreme Court properly denied the writ. The basis of its holding was that when a contest is properly filed within the six-month period, and such contest is still pending, any heir may petition to intervene in that contest even after the six-month period has elapsed. A voluntary dismissal of the original contest, after the petition in intervention has been filed, cannot defeat the intervener's rights. That holding is undoubtedly sound and correct. But it cannot be distorted into a holding, as appellant contends, that where a contest after probate has been filed within the six-month period, and then dismissed, that any other heir may file a contest after the dismissal and years after the six-month period has elapsed, any time before final distribution. Such a construction is directly contrary to the plain and obvious purposes of sections 380 and 384 of the Probate Code and would render those sections in many cases practically ineffective as statutes of repose. (See *Scott* v. *Superior Court,* 125 Cal.App. 513 [14 P.2d 99].)

That this is the proper construction of the statutes and of the Voyce case is demonstrated by the plain language of that decision, by the express provisions of the code sections involved, and also is the direct and unequivocal holding in *Estate of Walters,* 89 Cal.App.2d 797 [202 P.2d 89], the prior appeal in this estate. In that case Mr. Justice Goodell, speaking for a unanimous court, stated (p. 798):

"As far as appellant's rights are concerned, it is clear that he could have pursued any one of three recognized methods of contesting this will. He could have filed a contest (1) before probate (Prob. Code, § 370), or (2) within six months after probate (*Id.,* § 380) as did Crann, or (3) he could have become a party to the Crann contest by intervening

therein pursuant to section 387, Code of Civil Procedure, even after the six months had run, his grounds having been the same as those in the basic contest (*Voyce* v. *Superior Court*, 20 Cal.2d 479 [127 P. 2d 536]).

"He availed himself of none of these plain remedies. Instead, he filed the 'Joinder' without any leave of court, and thereby sought to establish himself in the same legal position as he would have occupied had he followed the Voyce case and intervened. He makes no claim that his was an informal intervention, for he says: 'The principles of these two cases [Voyce and this case] are analogous. The only distinction is that in the former the contestant proceeded by way of intervention, obtaining a court order rather than just filing the usual contest, as appellant did.' The answer to this is that appellant's 'Joinder' was not 'the usual contest'; it was neither a contest within the six months' period nor an intervention.

"The right to contest a will is created by statute and a contestant has such rights, and only such rights, as the statutes give him. [Citing cases.]

"As far as the procedural question now under discussion is concerned the Voyce case goes no further than to hold that a 'person interested' in a pending will contest may become a participant therein *by way of intervention under section 387, Code of Civil Procedure*, even after the six months' period has elapsed. Appellant did not see fit to follow that procedure, and as he did not file a contest under section 370 before probate, or under section 380 within six months thereafter, it is clear that he has not followed *any statutory procedure* for joining his contest to that of Crann, or identifying himself with it, nor has he cited any authority countenancing the procedure which he adopted. The Voyce case lends no support to it, nor does that case hold that as long as any contest is filed within the six months the statutory limitation is removed as to other contestants who may decide to come in later without leave to intervene."

This holding was made in a case in which the attorney for appellant in the instant case was one of the attorneys for the losing party. The construction of the statutes and of the Voyce case was undoubtedly sound. There can be no doubt that, under the rule announced in the Voyce case, *supra*, appellant could have intervened in the Crann contest, even after six months after the will was admitted to probate, at any time while the Crann contest was pending. But that contest was voluntarily dismissed on January 28, 1947. The

Stimmel contest was filed too late. That has been judicially determined. When the Crann contest was dismissed over two years prior to the filing of the present contest, it was as if, so far as appellant is concerned, no contest had ever been filed. When appellant filed her contest three years and five months after the will had been admitted to probate, there was no contest then pending in which she could intervene or otherwise join. The extension of time permitted by the Voyce case can only apply when the late contest is filed at a time when a timely contest is pending. This is the clear and unambiguous holdings of the Voyce and Walters cases, *supra*. The construction contended for by appellant is directly contrary to the rule of the Walters case, *supra*, and is palpably an incorrect and strained construction of the sections.

This appeal was set for oral argument on June 26, 1950. At that time counsel for appellant was told that the court believed the appeal to be frivolous. After argument on this and other issues, the cause was submitted. Eleven days later, under date of July 7, 1950, the court received a letter from Mr. Hatch in which he tendered for filing a so-called affidavit of merits purporting to set forth certain alleged facts relating to the litigation, and not contained in the record on the appeal, which facts, if considered by the court, would, it was claimed, show that this litigation had not delayed the probate of the estate. In the same letter there was "tendered" a "Supplemental Brief," but the brief was not enclosed, the letter stating that: "The brief, about three pages long, will be presented by the printer," thus implying that the brief was already prepared and would be submitted in the immediate future. This letter was presented to the Presiding Justice on July 10, 1950. On that date he wrote to counsel for appellant informing him that the court would not permit the affidavit of merits to be filed ex parte, because it dealt with many matters *dehors* the record, and informing counsel that if he was of the opinion that such a document could be filed, he should proceed by duly noticed motion. In this same letter counsel was informed that the supplemental brief could be filed within 10 days and that respondent would be granted 10 days to reply. On the same date the submission was vacated and an order made granting appellant 10 days to file the brief, and respondent 10 days to reply.

No brief was filed within the time limited in the order. Under date of July 27, 1950, counsel for respondent by letter,

a copy of which was sent to Mr. Hatch, called the attention of the court to Hatch's failure to file the brief and requested that the cause be submitted. Nothing was heard from counsel for appellant until August 4, 1950, when a letter was received from Mr. Hatch stating that the court's letter of July 10th was received, and the 10 days granted expired, while Hatch was on vacation, and stating: "I hereby request my time to be considered extended accordingly." This request was impliedly denied by an order dated August 7, 1950, ordering the cause submitted. Thereafter, on August 14, 1950; there was filed a notice of motion for leave to file the supplemental brief (which, in the meantime had been printed and was tendered for filing, and which was not the three-page brief originally requested in the letter of July 7, 1950, but a 10-page brief) and the affidavit of merits. The motions came on for hearing on August 28, 1950. At that time both motions were denied. The affidavit of merits averred the good faith of counsel for appellant and purported to set forth various facts, all *dehors* the record, which, it was claimed, would show that the present appeal had not unduly delayed the probate of the estate. Such a document should not be considered. ▮ The problem involved in determining whether the appeal is or is not frivolous is not whether Mr. Hatch acted in the honest belief he had grounds for appeal, but whether any reasonable person would agree that the point is totally and completely devoid of merit, and, therefore, frivolous. The tendered supplemental brief was refused filing because the court felt that counsel for appellant had been inexcusably negligent in failing to prepare and submit the brief at an earlier date. While this court has always been lenient in permitting the filing of supplemental briefs and the late filing of briefs, the court must consider the rights of both parties to the appeal, and not permit one side to delay unreasonably the determination of the appeal. We think it was inexcusable for counsel to write to this court and request permission to file a brief, to imply that the brief was written, and then go out of town without making arrangements for the preparation of the brief, and then expect his time to be extended after his return. Such was, in our opinion, unfair to respondent and to this court.

▮ As already pointed out, there can be no doubt at all that the points raised by appellant are frivolous. The language of the Voyce case cannot be distorted into the meaning urged by appellant. The Walters case directly refutes every contention of appellant. If the rules announced in these

cases are the law, reasonable minds cannot but agree that the points urged by appellant are completely without any semblance of substance. Such is a proper case to impose damages as provided by rule 26 (a) and section 957 of the Code of Civil Procedure. (See, generally, 2 Cal.Jur. p. 977, § 577.) While the courts are reluctant to hold that an appeal is frivolous, we should not permit the appellate processes to be abused. The present appeal has imposed a completely unnecessary burden on respondent, and, by improperly consuming the time of a busy court, has adversely affected the rights of other litigants. This warrants the imposing of a penalty. (*Hendricks* v. *Pappas*, 82 Cal.App.2d 774 [187 P.2d 436]; *Danziger* v. *Peebler*, 88 Cal.App.2d 307, 313 [198 P.2d 719]; *Toohey* v. *Toohey*, 97 Cal.App.2d 84 [217 P.2d 108].)

The order and decree are affirmed, and, pursuant to the provisions of rule 26 (a) and section 957 of the Code of Civil Procedure, the sum of $100 is assessed against appellant and added to the costs as a penalty for the taking of a frivolous appeal.

Bray, J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied October 21, 1950, and appellant's petition for a hearing by the Supreme Court was denied November 20, 1950. Shenk, J., Carter, J., and Schauer, J., voted for a hearing.