JAMES T. LESTER, Plaintiff-Appellant

v.

BENJAMIN P. PADUA, JR., et al., Defendants-Appellees

Civil No. 76-4A

District Court of Guam

Appellate Division

September 29, 1977

Before DUENAS and THOMPSON, *District Judges*, and BURNETT, *Designated Judge*

PER CURIAM

## OPINION

Appellant was the plaintiff in a personal injury suit brought in the Superior Court of Guam, where he sought to prove that a barrel from defendant's truck fell out and struck him as he was walking down Marine Drive on December 20, 1973. Immediately after the plaintiff presented his case, the trial judge dismissed the action for failing to present a prima facie case and the jury was excused. Appellant argues that the trial court erred in dismissing his suit for two reasons:

1. That evidence as to certain traffic citations was improperly excluded;
2. That a recess should have been granted so that an unsubpoenaed witness might be located.

The appellate court finds that there is nothing in the record to suggest that the trial court abused its discretion or committed error; therefore, the dismissal of appellant's case must be affirmed.

■ Plaintiff tried unsuccessfully to introduce as evidence a photocopy of an accident report to show "that the driver of the tractor-trailer at the time of the accident was given a traffic citation". (Appellant's Brief, page 3.) However, such a report was clearly hearsay, and while an exception to the rule might have been available, the plaintiff failed to lay any foundation as to the report's trustworthiness or accuracy. See 29 Am.Jur.2d § 849. Also, as cited to by the appellees, a number of California cases have held that police reports do not fall under the official or business records exception to the hearsay rule. Cf. *MacLean v. City and County of San Francisco*, 151 C.A.2d 133, 143, 311 P.2d 158, 164 (1957); *Hoel v. City of Los Angeles*, 136 C.A.2d 295, 309, 288 P.2d 989, 997 (1955).

Furthermore, it must be pointed out that plaintiff apparently was seeking to base his entire case on this accident

report. He states, on page 3 of his brief, that "[t]his exhibit would have brought this cause of action clearly within the doctrine of Res Ipsa Loquitar. See 65A Corpus Juris Secundum Section 220.2." The court doubts whether res ipsa loquitar would apply under facts such as these, but more significantly, it would be stretching an exception to the hearsay rule to its breaking point to allow a party to base his entire case on a traffic report for which no foundation was laid and which was prepared by a policeman who was not subject to cross-examination by the parties.

Since the report was properly excluded on a hearsay objection there is no reason for the court to consider whether it might have been admitted under any exception to the best evidence rule. (Although the court notes that plaintiff failed to make any offer of proof that the original accident report was unavailable. See § 1855 of the Guam Code of Civil Procedure.)

■ Appellant states without citation that it was error for the trial judge to refuse a short recess so that an unsubpoenaed witness could be found. While the trial court might have waited several minutes for Mr. Arnold to appear, the plaintiff made no offer of proof as to what testimony the court could expect from this errant witness and plaintiff seemed immediately to have abandoned his desire to call Mr. Arnold. (Transcript, pages 33:23 to 35:9.) Since the plaintiff failed to subpoena Mr. Arnold there was no abuse of discretion in refusing a continuance. *Somers Estate*, 82 C.A.2d 757, 187 P.2d 433, 435 (1947); *Kalmus v. Kalmus*, 130 C.A.2d 405, 230 P.2d 57 (1951).

Appellant also asks the court to consider a peripheral issue where sanctions were assessed against "plaintiff, James M. Lester and/or his attorney, John M. Webster [to] pay $100.00 each as reasonable attorney's fees to [both defendants] for costs in bringing on this motion to compel discovery". (From an Order filed in Superior Court

on February 6, 1976.) It seems that while the plaintiff was willing to make certain business and tax records available to the defense for photocopying, he refused to allow similar photocopying of his income tax returns, instead offering defendants the opportunity to copy and take notes from the returns.

■ Rule 34 of the Superior Court's Rules of Civil Procedure provides that "[a]ny party may serve on any other party a request . . . to inspect and copy any designated documents [relevant under Rule 26(b)] . . . ." First, a statute is to be given its plain and ordinary meaning, and if Rule 34 were drafted to equate the word "copy" with "photocopy" it should have so provided. Furthermore, the court believes that handcopying should have been sufficient here for defendants' purposes, especially since they have not contended that it would have been unduly burdensome to have done this copying by hand (where presumably only certain relevant information as to gross income would have been desired). Finally, even if photocopying were called for under the statute and these facts, there is a question whether or not the plaintiff's earnings were properly in issue and relevant to the suit at hand. According to the insurance company's Appellee brief, at page 9, "[t]he plaintiff, in his complaint, prayed for relief from permanent partial disability and thereby raised the issue of his loss of earning capacity". However, at trial, counsel for the insurance company objected to any testimony whether plaintiff's alleged injuries had affected his line of work on the ground that it was irrelevant because no special damages had been pleaded as to loss of income. (Transcript, pages 17:15 to 19.) The court is at a loss to understand how counsel for the appellee can contend that the complaint "raised the issue of [plaintiff's] loss of earning capacity", while at the same time they successfully argued at trial that in failing to plead special damages any evidence as to

plaintiff's earning abilities became irrelevant. From the above, it is evident that cost sanctions were erroneously obtained against the plaintiff where he at least substantially complied with the requirements of Rule 34 with regard to copying of documents, and where counsel for appellee at trial effectively argued that evidence as to his employment capability was not relevant.

█ Admittedly counsel for plaintiff had a difficult task in proving a case where two witnesses had died and where the police officer reporting the accident and the treating physician were off-island. (Transcript, page 36:15.) However, the trial judge had no choice other than to dismiss when plaintiff had offered absolutely nothing to connect the defendants with his alleged injuries. The only testimony presented at trial was that of the plaintiff who testified in effect that he was walking down the road at around 3:30 to pick up some Christmas cards and suddenly six hours later he found himself in the hospital. (Transcript, pages 11:24 to 12:9.) Even if this testimony had been augmented by the police accident report (assuming a proper foundation), the defendants would have been severely prejudiced in losing their right to cross-examine the only real witness against them (the investigative officer). Presumably the police officer was called to the scene of the accident and his report was therefore based on impressions of other eyewitnesses unknown to the court and the defendants. Clearly, the trial court did not err in excluding such an unreliable piece of evidence, especially since the plaintiff did nothing to establish its trustworthiness. Plaintiff also did not establish an offer of proof as to why Mr. Arnold's testimony was crucial to his case, and the trial court was correct in refusing to allow a recess.

The dismissal of plaintiff's suit is affirmed on appeal, while the awarding of cost sanctions for discovery must be reversed for the reasons set forth above. Therefore, the

sum of $100.00 is to be subtracted from total costs entered in favor of J. L. Baker and Sons for $292.85 and $100.00 is to be subtracted from total costs entered in favor of the Insurance Company of North America for $435.10 (with the total costs against the plaintiff, as guaranteed by the surety, in favor of both defendants now totalling $527.95).