[No 19439.    Department One.—August 7, 1895.]

# SAN BERNARDINO INVESTMENT COMPANY, RE-SPONDENT, v. SAMUEL MERRILL, APPELLANT.

CORPORATION—LEVY OF ASSESSMENT—SUBSCRIPTION TO STOCK—CONDITION PRECEDENT—PLEADING.—In the absence of any provision to the con-trary, a corporation cannot levy an assessment upon its capital stock until after the whole amount thereof has been subscribed; but, under section 331 of the Civil Code, which provides that assessments may be levied after one-fourth of the capital stock has been subscribed, for the purpose of paying expenses, conducting business, or paying debts, the subscription of one-fourth of the capital stock is a condition precedent in this state to the exercise of the power given by the statute to levy an assessment, and, in order that a complaint by the corporation to col-lect an assessment should show a right to recover, it is necessary to allege that one-fourth of the capital stock has been subscribed.

ID.—ACTION TO RECOVER ASSESSMENT — STRICT COMPLIANCE WITH STAT-UTE.—Where a corporation seeks to recover the amount of an assess-ment levied, not by virtue of any contract of subscription on the part of the defendant, but solely by virtue of the obligation against him which is created by the statute, a strict observance of the statutory mode and provision is essential to its recovery.

ID.—FAILURE TO PUBLISH NOTICE OF DELINQUENT SALE—LOSS OF JURIS-DICTION.—Where the secretary of a corporation is not otherwise ordered by the board of directors, it is his duty to publish the notice of sale for delinquent assessments at least fifteen days prior to the day appointed by the board of directors for such sale, and, by failure to make publica-tion of a delinquent sale for such period, the board loses all jurisdiction to sell the stock for the delinquent assessment, unless they shall begin anew all previous proceedings and publication subsequent to the levy of an assessment as authorized by section 346 of the Civil Code.

ID.—ELECTION TO WAIVE FURTHER PROCEEDINGS OTHER THAN BY ACTION.—Where the board of directors has lost jurisdiction to take further pro-ceedings for the collection of a delinquent assessment by failure to make publication of the delinquent sale, the condition under which the stat-ute authorizes it to elect to proceed by action to collect the delinquent assessment does not exist, and there are no further proceedings which the board can waive under section 349 of the Civil Code, and there can be no cause of action to recover an assessment in such case.

ID.—NATURE OF WAIVER—LOST RIGHT.—Waiver is a voluntary act, and implies an election by the party to dispense with some thing of value, or to forego some advantage which he might at his option have de-manded or insisted upon, and there can be no waiver of a right that has been lost.

ID.—ELECTION OF REMEDIES.—A right to elect between remedies which is conferred upon the condition of relinquishing one of the remedies by some positive act must be exercised while both of the remedies are open, and, unless there is a remedy to relinquish, there is no place for an election.

APPEAL from a judgment of the Superior Court of San Bernardino County and from an order denying a new trial.   GEORGE E. OTIS, Judge.

The facts are stated in the opinion of the court.

*Goodcell & Leonard,* and *John W. Craig,* for Appellant.

An assessment cannot be collected until after one-fourth of the capital stock has been subscribed, and such subscription must be alleged in an action upon the assessment.   (Civ. Code, sec. 331.)   The complaint is insufficient in not showing that publication was made fifteen days prior to the day fixed for the sale.   (Civ. Code, sec. 339.)   Having lost jurisdiction, the board could not waive delinquent sale, but must have republished.   (Civ. Code, secs. 346, 349.)

*Rolfe & Rolfe,* for Respondent.

The board properly elected to waive further proceedings.   (Civ. Code, sec. 349.)

HARRISON, J.—The plaintiff made an order March 11, 1892, by which it levied an assessment of $1.50 per share upon its capital stock, payable on or before the 18th of April, and providing that any stock upon which such assessment should remain unpaid on that day should be delinquent and sold at public auction May 7, 1892.   Under the directions of the secretary this notice was published in a newspaper of general circulation, in the county of San Bernardino, once a week for four successive weeks, commencing March 18, 1892, and on the same day a copy thereof was sent by him by mail to each stockholder. On April 25th the board of directors of the plaintiff passed a resolution, by which it elected to waive further proceedings for the sale of the stock on account of any delinquency in paying the assessment, and to proceed by action to recover the amount thereof.   The defendant was the owner of 1,025 shares of the capital stock of the plaintiff standing in his name upon its books,

and the assessment upon this stock not having been paid, the plaintiff brought this action and recovered judgment for the amount of the assessment.

1. The defendant demurred to the complaint upon the ground that it does not state a cause of action against him.

The complaint alleges that the amount of the capital stock of the plaintiff is $500,000, divided into 5,000 shares of the par value of $100 each, and that during all the time mentioned in the complaint the defendant was the owner of 1,025 shares of such capital stock. There is no allegation of the amount of its capital stock that had been subscribed or that had been issued, or any allegation that any of its capital stock, other than that of the defendant, had been subscribed or issued. The rule is well established that, in the absence of any provision to the contrary, a corporation cannot levy an assessment upon its capital stock until after the whole amount thereof has been subscribed. (Angell and Ames on Corporations, sec. 146; *Topeka Bridge Co.* v. *Cummings*, 3 Kan. 55; *Livesey* v. *Omaha Hotel Co.*, 5 Neb. 50; *Stoneham Branch R. R. Co.* v. *Gould*, 2 Gray, 277; *Contoocook Valley R. R. Co.* v. *Berker*, 32 N. H. 363.) This rule has been modified in this state by section 331 of the Civil Code, which provides: "The directors of any corporation formed or existing under the laws of this state, after one-fourth of its capital stock has been subscribed, may, for the purpose of paying expenses, conducting business, or paying debts, levy and collect assessments upon the subscribed capital stock thereof, in the manner and form and to the extent provided herein." Unless, therefore, one-fourth of its capital stock had been subscribed, the directors had no authority to levy the assessment upon which this action is brought. This was a condition precedent to the exercise of the power given by the statute, and, in order that the complaint should show a right of recovery in the plaintiff, it was necessary to allege the existence of the condition under which the power might be exercised. (See Boone on Code Pleading, sec. 203.) The

demurrer to the complaint should, therefore, have been sustained.

2. The plaintiff seeks to recover the amount of the assessment, not by virtue of any contract of subscription on the part of the defendant, but solely by virtue of the obligation against him which is created by the statute, and hence a strict observance of the statutory mode and provision is essential to its recovery. Section 324 of the Civil Code provides: "Every order levying an assessment must specify the amount thereof; when, to whom, and where payable; fix a day subsequent to the full term of publication of the assessment notice on which the unpaid assessments shall be delinquent, not less than thirty nor more than sixty days from the time of making the order levying the assessment; and a day for the sale of delinquent stock, not less than fifteen nor more than sixty days from the day the stock is declared delinquent." Section 337 provides that, if any portion of the assessment mentioned in the notice remains unpaid on the day specified therein for declaring the stock delinquent, the secretary must, unless otherwise ordered by the board of directors, cause to be published a notice specifying each certificate of stock upon which the assessment is delinquent, and that as many shares thereof as may be necessary to pay the delinquent assessment, with costs and expenses of sale, will be sold on the day fixed for the sale in the order levying the assessment; and section 339 declares that " the first publication of all delinquent sales must be at least fifteen days prior to the day of sale." Section 349 provides: "On the day specified for declaring the stock delinquent, or at any time subsequent thereto, and before the sale of the delinquent stock, the board of directors may elect to waive further proceedings under this chapter for the collection of delinquent assessments, or any part or portion thereof, and may elect to procee l by action to recover the amount of the assessment, and the costs and expenses already incurred, or any part or portion thereof."

The term "waiver" or "to waive" implies the abandonment of a right which can be enforced, or of a privilege which can be exercised, and there can be no waiver unless at the time of its exercise the right or privilege waived is in existence. There can be no waiver of a right that has been lost. "Waiver is a voluntary act, and implies an election by the party to dispense with some thing of value, or to forego some advantage which he might, at his option, have demanded or insisted upon" (per Cooley, J., in *Warren* v. *Crane*, 50 Mich. 301). Bouvier defines waiver as "the relinquishment or refusal to accept of a right." (See, also *Stewart* v. *Crosby*, 50 Me. 134; *Shaw* v. *Spencer*, 100 Mass. 395; 97 Am. Dec. 107; 1 Am. Rep. 115; *Dawson* v. *Shillock*, 29 Minn. 191; Bishop on Contracts, sec. 792.) If the relinquishment of some right is the consideration upon which another right is to be created, there is no consideration for the creation of such other right, unless there is an existing right to be relinquished. Under a statute conferring a special remedy for enforcing a right, and providing that the party may have a different remedy upon condition that he will surrender his right to the first, such surrender must be made while he has the right to enforce the original remedy. The party cannot, by his neglect or inaction, suffer the special remedy to lapse, and then claim the right to resort to the other. A right of election between two remedies, which is conferred upon the condition of relinquishing one of the remedies by some positive act, must be exercised while both of the remedies are open. Unless there is a remedy to relinquish, there is no place for an election. To exercise an election of remedies implies the right to resort to either, and that both exist at the time of the election.

In the present case the board of directors in the order levying the assessment fixed April 18th as the day on which the assessment would be delinquent, and May 7th as the day on which the sale for delinquent assessments would be made. As the secretary was not "otherwise

ordered by the board of directors," it was his duty, if the board had intended to sell the stock of the defendant in order to recover the delinquent assessment thereon, to publish the notice of such sale at least fifteen days prior to May 7th; that is, its first publication must have been made not later than April 22d. The directors did not make the election provided for by section 349 "on the day specified for declaring the stock delinquent," nor until after the time had elapsed within which they could take any proceedings for the sale of the stock. By the failure to make publication of the delinquent sale "at least fifteen days prior to the day they had fixed for such sale," they lost all jurisdiction to sell the stock for the delinquent assessment, unless they should begin anew all previous proceedings and publication subsequent to the levying of the assessment as authorized by section 346. As, therefore, on the 25th of April the board of directors had lost jurisdiction to take any further proceedings for the collection of the delinquent assessment, under the chapter providing for the sale of the stock, there were no "further proceedings" which it could waive, and the condition under which the statute authorized it to elect to proceed by action to collect the same did not exist. It follows that the plaintiff had no cause of action against the defendant.

The judgment and order are reversed.

VAN FLEET, J., and GAROUTTE, J., concurred.