[Civ. No. 264.  First Appellate District.—December 3, 1906.]

NATIONAL PARAFINE OIL COMPANY, Appellants, v. FELIX CHAPPELLET, Jr., Respondent.

CORPORATIONS—LIABILITY OF STOCKHOLDERS—ASSESSMENTS UPON STOCK —PERSONAL ACTION.—The liability of a stockholder of a corporation organized under the laws of this state to pay an assessment upon his stock, as well as the right of the corporation to recover from him in a personal action the amount of the assessment, exists solely by virtue of the statute; and a strict compliance by the corporation

with the provisions of sections 331 to 349 of the Civil Code is essential to such recovery.

ID.—CONDITION OF PERSONAL ACTION—WAIVER OF SALE OF STOCK—LOSS OF RIGHT TO SELL—RECOVERY PRECLUDED.—The right of the corporation to recover an assessment from a stockholder in a personal action depends upon the essential condition that it shall have elected to waive an existing right to collect it by a sale of the stock, when the election is made. Where the right to sell had been lost before the election to sue was made, there can be no waiver of such lost right, and no recovery can be had against the stockholder.

ID.—UNAUTHORIZED EXTENSIONS OF TIME FOR SALE—CONSTRUCTION OF CODE.—Section 345 of the Civil Code, providing for extensions of the time fixed in any notice of assessment, or notice of delinquent sale, cannot be construed as authorizing an indefinite number of extensions for periods of less than thirty days, but is to be construed as limiting the right of extension to thirty days in the aggregate. Orders of the board of directors of the corporation extending the time of sale fixed in the order levying the assessment beyond the period of thirty days after such date were void; and after the expiration of such period, the right to sell the stock was lost, and with it was lost the right to proceed by action.

APPEAL from a judgment of the Superior Court of Alameda County. W. H. Waste, Judge.

The facts are stated in the opinion of the court.

Hill & Ryker, for Appellant.

W. R. Davis, for Respondent.

HARRISON, P. J.—The plaintiff is a corporation organized under the laws of this state, and on September 8, 1902, its board of directors made an order, levying an assessment upon its capital stock, and in said order fixed October 15th as the day on which any unpaid assessment should be delinquent, and November 3d as the day for the sale of delinquent stock. October 13th said board of directors, by an order duly passed and entered upon its records, extended the date fixed in the notice for said assessment to become delinquent until November 11th, and the date fixed therein for the sale of delinquent stock until December 1st. November

29th, by another order, the board extended the date fixed for the sale of delinquent stock until December 15th, and on December 13th again extended the date for said sale until January 8, 1903. Appropriate notices of each of the above orders were duly published. January 8, 1903, said board of directors, by resolution entered upon its records, elected to waive further proceedings for the collection of delinquent assessments upon the shares of capital stock held by the defendant by sale of said stock, and elected to proceed to recover the amount of the assessment by action, and thereupon the present action for such recovery was commenced. At the time of levying the assessment and thereafter until the commencement of the present action the defendant was a stockholder of the plaintiff, having thirty-four thousand nine hundred and twenty shares of its capital stock standing in his name upon its books. To the complaint setting forth the foregoing facts the defendant demurred upon the ground that it did not state a cause of action, and his demurrer having been sustained, the plaintiff has appealed.

The liability of the defendant, as well as the right of the corporation to recover a personal judgment against him for the amount of the assessment, exists solely by virtue of the statute (Civ. Code, secs. 331-349) ; and a strict compliance by the corporation with the provisions of those sections is essential to its recovery. Section 349 is as follows: ''On the day specified for declaring the stock delinquent, or at any time subsequent thereto and before the sale of the delinquent stock, the board of directors may elect to waive further proceedings under this chapter for the collection of delinquent assessments, or any part or portion thereof, and may elect to proceed by action to recover the amount of the assessment, and the costs and expenses already incurred, or any part or portion thereof.'' The right of the corporation to recover the amount of the assessment by an action against the stockholder depends upon the condition that it shall have elected to ''waive'' its right to collect it by a sale of the stock upon which the assessment is delinquent; and if, at the time it elected to proceed by action, it had no authority to make such sale there was no existing right which it could waive. ''The term 'waiver' or 'to waive' implies the abandonment of a

right which can be enforced, or of a privilege which can be exercised, and there can be no waiver unless at the time of its exercise the right or privilege waived is in existence. There can be no waiver of a right that has been lost. . . . Under a statute conferring a special remedy for enforcing a right, and providing that a party may have a different remedy on condition that he will surrender his right to the first, such surrender must be made while he has the right to enforce the original remedy.'' (*San Bernardino I. Co.* v. *Merrill,* 108 Cal. 490, [41 Pac. 487].)

Section 345, Civil Code, is as follows: ''The dates fixed in any notice of assessment or notice of delinquent sale, published according to the provisions hereof, may be extended from time to time for not more than thirty days by order of the directors entered on the records of the corporation; but no order extending the time for the performance of any act specified in any notice is effectual unless notice of such extension or postponement is appended to and published with the notice to which the order relates.'' The date fixed in the order levying the assessment for the sale of the delinquent stock was November 3, 1902, and under this section could have been extended until December 3d. The orders of the board of directors extending the date beyond this were not only without authority, but were in direct contravention of the provisions of section 345. This section cannot be construed as authorizing an indefinite number of extensions, provided each is for a period of less than thirty days, but is to be construed as limiting the right to extend the dates fixed in the order levying the assessment to thirty days in the aggregate. (See *Cameron* v. *Arcata etc. R. R. Co.,* 129 Cal. 279, [61 Pac. 955].)

On January 8, 1903, when the board elected to proceed by action, the corporation had lost its right to sell the stock, and with it its right to proceed by action.

The judgment is affirmed.

Hall, J., and Cooper, J., concurred.