[Civ. No. 21857.   Second Dist., Div. One.   Aug. 9, 1956.]

EVALYN SCHULTZ, Petitioner, v. SUPERIOR COURT
OF LOS ANGELES COUNTY, Respondent; G. H.
WENDE, as Special Administrator, etc. et al., Real
Parties in Interest.

Gilbert F. Wyvell and John W. Preston, Jr., for Petitioner.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Deputy County Counsel, for Respondent.

Johnson & Bjornlie and Palmer Johnson for Real Parties in Interest.

NOURSE (Paul), J. pro tem.*—Petitioner seeks a writ of prohibition to prevent the respondent court from proceeding to try the issues of fact framed by petitioner's written opposition to the probate of the will of Alamay Smith and the answers thereto without a jury. The petitioner made written demand for a trial by jury and deposited the jury fee with the clerk, but the trial court has denied her the right to a trial by jury, holding that petitioner had, prior to demanding a jury, waived her right to a jury trial. The respondent court will, unless restrained by this court, proceed to try the case without a jury.

We have reached the conclusion that petitioner did not waive her right to have the issues determined by her opposition and the answers thereto tried by a jury. Before stating the relevant facts we will state the propositions of law which we believe govern us here.

A waiver is the intentional relinquishment of a known right (25 Cal.Jur. 926). In order for there to be a waiver there must be an existing right to be waived (*Craig* v. *White,* 187 Cal. 489 [202 P. 648]; *San Bernardino Inv. Co.* v. *Merrill,* 108 Cal. 490 [41 P. 487]; *National etc. Oil Co.* v. *Chappellet,* 4 Cal.App. 505 [88 P. 506]).

The facts here demonstrate that at the time of the alleged waiver petitioner did not have a presently existing right to a trial by jury of the issues in question.

The relevant facts are as follows: On February 16, 1956, the real parties in interest here (Wende and Smith) filed a petition for the probate of a will and codicil executed by Alamay Smith, and hearing upon said petition was set for March 7, 1956. On that day petitioner appeared and filed with the respondent court a written contest to the probate of the

*Assigned by Chairman of Judicial Council.

will and codicil. At that time a citation had been issued but had not been served. The opposition filed by petitioner did not, by denials, place in issue the allegations of the petition that at the time of executing the will and codicil the decedent was of sound mind and not acting under fraud, duress, menace, or undue influence, but affirmatively alleged that the will offered for probate had been revoked by a will of later date and that the codicil offered for probate, which purported to revive the will offered for probate, was not the testamentary act of the decedent but was executed by her under the dominance and undue influence of the legatees and devisees therein named, and that at the time of this execution the decedent did not possess testamentary capacity and was not of sound and disposing mind, the facts relative to the infirmities which rendered her physically and mentally unable to understand the nature of her act in executing the codicil being alleged. The opposition and citation issued thereon were not served upon the petitioner or the legatees and devisees named in the codicil until March 29, 1956; and the answers of the real parties in interest (respondents here) to the opposition were not filed until April 20, 1956.

On March 7 when the hearing on the petition was called in the Glendale branch of the respondent court, the counsel for petitioner advised the court that he desired to have the case transferred to the main court at Los Angeles. This the court declined to do, and counsel for petitioner advised the court that he intended to make a motion in the main court to have the cause transferred to that court.

The following colloquy then took place between court and various counsel:

"MR. JOHNSON: I think my question is foolish but is it possible since all of the beneficiaries under all of the wills are present in court or represented, to waive the publication of that notice so that we may have it heard here?

"MR. WYVELL: I wouldn't be in position to do that without the presence of my client, and others interested in the estate.

"THE COURT: What is the earliest date?

"THE CLERK: How long would it take, your Honor? Will it be a jury or non jury?

"MR. JOHNSON: We don't want a jury.

"MR. WENDE: We don't want a jury.

"MR. WYVELL: I don't want a jury, but do intend to make a motion down there in accordance with the Department's statement to me.

"THE COURT: That is all right, you can make the motion down there; as long as the petitioner, original petitioner here, has filed in Glendale I am not disposed to transfer it down to Los Angeles. What is the date?

"THE CLERK: How long will it take?

"MR. WENDE: I think a half a day.

"THE COURT: I think we can hear this matter in a day's time.

"MR. WYVELL: At least half a day.

"THE COURT: Let's say a day. If we are going to have a contest on competency, we will have to have some testimony here, you will have to bring—I assume this lady had a doctor.

"MR. WYVELL: This hearing would be only in reference to the special administrator, this hearing you are refering [sic] to applies to the special administrator only.

"THE COURT: No, this hearing is going to apply to the hearing on the admitting of the will, which will be probate, on the contest. Sure, we will hear it. I am sure your clients want to have the matter disposed of at the earliest possible time. May the 10th, what about that?"

It is this colloquy which the respondent asserts constitutes the waiver of a jury trial.

The minutes of the court in this matter, so far as pertinent, are as follows:

"Petn Probate Will etc., and contest set for May 10—10 AM Not/Waived—"

On the 10th of April petitioner served a written demand for a jury trial and deposited the jury fees. On April 23 respondent court made an order denying petitioner's right to a jury trial and made an order amending its minute order of March 7th so as to add thereto, "Jury waived by all parties present," and on the same day set the petition for probate and will contest for trial on June 25, 1956, On April 27 petitioner moved the court to restore the case to the jury calendar. This motion the trial court denied.

It is evident from the foregoing facts that on March 7th there was no issue of fact as to which any party could have demanded a trial by jury and that the cause was not in a condition such that it could be set down for trial upon the issues of fact, for no such issues then existed. (Code Civ. Proc., § 594; Prob Code, § 1233; Rules for the Superior Courts, rule 6(a).)

The petition for the probate of the will and codicil was a proceeding *in rem* and the allegations thereof were subject

to determination by the court ex parte. It tendered no issue of fact upon which a jury trial might have been demanded or had. (*Swift* v. *Superior Court*, 39 Cal.2d 358, 361 [247 P.2d 6]; *Estate of Henderson*, 196 Cal. 623, 636 [238 P. 938]; *Estate of Relph*, 192 Cal. 451, 459 [221 P. 361].)

The allegations of the petition that decedent was of sound mind and not acting under undue influence were unnecessary. The only allegations which were necessary to that petition are those set forth in Probate Code, section 326. Nor were petitioners, at the hearing upon the petition, required to offer proof in support of these allegations (*Estate of Henderson, supra*, at pp. 636-637; *Estate of Pitcairn*, 6 Cal.2d 730, 732-733 [59 P.2d 90]; *Estate of Somers*, 82 Cal.App.2d 757, 761 [187 P.2d 433]).

The question of decedent's incompetency and the question of undue influence were first tendered as issues of fact by the contestant's opposition, and did not become triable issues of fact until the answers thereto were filed. ■ It is the opposition and the answers thereto that frame the issues. (*Estate of Wall*, 187 Cal. 50, 53 [200 P. 929]; *Estate of Relph, supra*; *Estate of Latour*, 140 Cal. 414, 420 [73 P. 1070, 74 P. 441].)

It is as to these issues of fact that the right to a trial by jury is granted by section 371 of the Probate Code.

■ At the time of the alleged waiver of this right the real parties in interest had not been served with the opposition or the citation thereon. Upon being served they might have either demurred or answered. If they had demurred and their demurrer been sustained there would have been no issue of fact to be tried by a jury or by the court as a contested matter. It is evident, therefore, that at the time of the alleged waiver, petitioner had no present right to a jury trial, and her counsel's statement to the court, ''I don't want a jury,'' was not a waiver of his client's potential but then nonexisting right, but was a mere statement of his then state of mind as to whether he would at the proper time demand a jury.[1]

What we have said is not in conflict with *Swift* v. *Superior Court*, 39 Cal.2d 358 [247 P.2d 6], or *In re Doyle*, 73 Cal. 564 [15 P. 125]. In each of these cases the parties had

---

[1] A distinction is to be noted between waiver and estoppel. One may be estopped to assert a potential right, but the elements of estoppel are not present here.

treated an unauthorized answer to the petition for probate of a will, which denied the allegations of the petition, as an opposition and as framing the issues of fact. That is not the case here, for as we have pointed out the opposition as filed does not purport to answer the petition for probate of the will, but affirmatively asserts each ground of opposition; and the citation issued called upon those petitioning for the probate of the will and other heirs to appear and plead to that pleading.

▉▉ Inasmuch as there was in fact no waiver of a jury trial at the proceeding on March 7th, the order by which the court sought to correct its minutes of those proceedings *nunc pro tunc* is a nullity, for while a court may correct its minutes to make them reflect the truth and supply a matter inadvertently omitted from them, it cannot change them so as to make them state that which is contrary to the fact. (*Estate of Burnett*, 11 Cal.2d 259, 262 [79 P.2d 89].)

Respondent, real party in interest, asserts that the cause was first set for trial at the proceedings held on March 7, and that as petitioner did not then demand a jury trial her failure to do so constituted a waiver of one (Code Civ. Proc., § 631, subd. 4). The cause, however, was not then in a condition such that it could be set for trial, as there were no issues of fact yet framed to be tried. After issues were framed, the court set the case down for trial on June 25, and prior to that time petitioner had made her written demand for a jury and paid the jury fees. She was thus in compliance with the provisions of the Code of Civil Procedure above cited.

▉ Petitioner not having waived her right to a trial by jury, the denial of that right by the respondent court was an act in excess of its jurisdiction. Her right to appeal from an adverse judgment in the contest proceedings is not an adequate remedy at law. Petitioner is therefore entitled to the writ she here seeks. (*Swift* v. *Superior Court*, 39 Cal.2d 358 [247 P.2d 6]; *Knight* v. *Superior Court*, 95 Cal.App.2d 838 [214 P.2d 21]; *Budde* v. *Superior Court*, 97 Cal.App.2d 615, 622 [218 P.2d 103].)

Let a peremptory writ of prohibition issue as prayed.

Doran, Acting P. J., and Fourt, J., concurred.