[Civ. No. 26817. Second Dist., Div. One. June 5, 1963.]

CITY OF REDONDO BEACH, Plaintiff and Respondent, v. AMELIA R. KUMNICK et al., Defendants and Respondents; FRANK GUARINO, Defendant and Appellant.

Dwight H. Lindholm for Defendant and Appellant.

Arnold M. Cowan, City Attorney, and Raymond L. Winters for Plaintiff and Respondent.

Robert Winckler and Richard V. Kennedy for Defendants and Respondents.

LILLIE, J.— The City of Redondo Beach filed an action in eminent domain involving property owned by defendant Guarino, appellant herein; while other answering defendants were represented by counsel, Guarino appeared in propria persona. On November 28, 1961, counsel for defendant Kumnick, the city attorney, and defendant Guarino demanded

a trial by jury (joint pretrial statement, p. 2[1]; pretrial conference order, p. 2), and accordingly the cause was set for a jury trial on January 22, 1962 (notice of trial). On that day Guarino appeared; after the case was called for trial, the following colloquy took place:

"THE CLERK: I believe this was set for jury trial. Is a jury trial waived?

"THE COURT: There were no jury fees posted. The City of Redondo Beach waives the jury trial.

"THE CLERK: I just wondered if a jury trial is waived.

"MR. COWAN: (City Attorney) Plaintiff waives jury trial.

"MR. GUARINO: I am not prepared to put up the money.

"THE COURT: No one posted any fees, and therefore it is deemed that the jury trial was waived. Mr. Guarino has stated he is not prepared to post jury fees, and I take it you are not either, Mr. Winckler?

"MR. WINCKLER: Defendant Amelia Kumnick waives jury.

"THE COURT: All right. Very well, then, we will proceed to hear the matter, . . ."

The judge then proceeded to trial without a jury and took over most of the direct examination of defendant Guarino. The cause was submitted on the same day it was tried, January 22, 1962. An interlocutory judgment in condemnation was entered on March 28, 1962. Meanwhile, Guarino retained counsel who moved for a new trial on all statutory grounds. Heard on affidavit, the motion was denied. Guarino appeals from the judgment; the sole issue before this court is whether the lower court denied his right to a trial by jury and erred in denying his motion for a new trial on that ground.

A trial by jury in a civil case is a constitutional right guaranteed in article I, section 7, state Constitution, and in eminent domain proceedings is specifically dealt with in article I, section 14, and by statute. "Private property shall not be taken or damages for public use without just compensation having first been made to, or paid into court for, the owner . . . which compensation shall be ascertained by a jury, unless a jury be waived, as in other civil cases in a court of record, as shall be prescribed by law; . . ." (Cal. Const., art. I, § 14.) Our Supreme Court early interpreted the above phrase "as in other civil cases," as referring to the matter of fixing compensation for property taken and not as a limitation of the clause "unless a jury be waived"; however the phrase "as shall be prescribed by law" refers to

the manner of jury waiver in civil cases provided by statute (Code Civ. Proc., § 631; § 631.5 was not then in existence), inasmuch as ". . . it is left to the legislature to determine as to what may amount to a waiver of the right to a jury trial in civil actions." (*City of Los Angeles* v. *Zeller*, 176 Cal. 194, 197 [167 P. 849].)

Section 631, Code of Civil Procedure, specifies seven ways by which a jury may be waived in civil cases; subdivision 5 thereof provides for waiver "[b]y failing to deposit with the clerk, or judge, a sum equal to the amount of one day's jury fees payable under the law, as provided herein . . . ." (§ 631, subd. 5.) In 1939 the Legislature added section 631.5, which refers exclusively to condemnation cases; it provides: "In all cases of eminent domain the deposits of jury fees and mileage provided for in section 631 of this code shall be made by the party seeking condemnation regardless of which party shall have demanded a jury trial, and the trial shall not proceed until such deposits are made."

It is apparent from section 631.5 above that the Legislature intended to except cases in eminent domain from the general provision of section 631 whereby a failure to post jury fees constitutes a waiver of a jury trial in civil cases (subd. 5), and that its purpose was to guarantee a jury trial to a condemnee, who has demanded a jury in an eminent domain proceeding, without the necessity for him to post the fees. Thus, reading together sections 631 and 631.5, if a condemnee has demanded a jury trial, and has not waived the same, regardless of whether the party seeking condemnation wants a jury, it must post the necessary fees and mileage, and "the trial shall not proceed until such deposits are made." (§ 631.5.) Appellant having herein timely demanded a trial by jury (November 1961) and not waived the same, the failure of the city to deposit jury fees and mileage under section 631.5 (as provided in section 631) could not and did not bring his inability to "put up the money" within the waiver provision of section 631. Appellant's failure to post the fees could not constitute a waiver, and the trial court erred in proceeding to trial without a jury. That the trial judge found that Guarino had waived a jury solely because he failed to deposit the jury fees, and for no other reason, is borne out by the reporter's transcript of the oral proceedings in open court; after noting that jury fees had not been posted, that the city and defendant Kumnick had waived a jury, and that Guarino was "not prepared to put up the money," the judge de-

clared: "No one posted any fees, and *therefore* it is deemed that the jury trial was waived. Mr. Guarino has stated he is not prepared to post jury fees. . . ." (Italics added.)

Nor does the record reveal a waiver by appellant Guarino under any other provision of section 631, Code of Civil Procedure; to the contrary, it reflects his demand for a jury trial (*Cowlin* v. *Pringle,* 46 Cal.App.2d 472 [116 P.2d 109]), his proper assumption that the case would be heard by a jury (notice of trial; pretrial conference order), no agreement by him to proceed without one, and his right to have a jury, thwarted solely by the action of the judge in proceeding to hear the case without a jury in contravention of section 631.5.

As a matter of constitutional right appellant was entitled to a jury unless he "waived such right in the manner prescribed by law" (*Cowlin* v. *Pringle,* 46 Cal.App.2d 472, 475 [116 P.2d 109]) ; "the manner prescribed by law" specifically refers to the provisions for jury waiver in civil cases. They constitute the exclusive modes of waiver in civil cases. It has long been held in this state that a jury trial may not be waived by implication; it may only be waived affirmatively and in the manner designated by the provisions of section 631, Code of Civil Procedure. (*Hayden* v. *Friedman,* 190 Cal.App.2d 409 [12 Cal.Rptr. 17] ; *Gardner* v. *Shreve,* 89 Cal. App.2d 804 [202 P.2d 322] ; *Parker* v. *James Granger, Inc.,* 4 Cal.2d 668 [52 P.2d 226] ; *People* v. *Metropolitan Surety Co.,* 164 Cal. 174 [128 P. 324, Ann.Cas. 1914B 1181] ; *Platt* v. *Havens,* 119 Cal. 244 [51 P. 342] ; *Smith* v. *Pollock,* 2 Cal. 92.) Thus, after a denial of his right to a jury, the fact that Guarino then participated in the trial without a jury does not here change his position, for his participation could not constitute a waiver under section 631.

And the reporter's transcript of the proceedings in open court precludes any reasonable conclusion that Guarino waived a jury "by oral consent" under subdivision 3, section 631. The judge specifically declared for the record that the city "waives the jury trial," which was confirmed by the city attorney; pursuant to the judge's query directed to Mr. Winckler, the latter waived a jury for defendant Kumnick; but at no time did he ask Guarino if he waived a jury nor did the judge at any time declare a waiver for Guarino as he had for the other parties. His only statement was—that inasmuch as "no one posted any fees . . . it is deemed that the jury trial was waived." Having asked the others if they waived a jury and declared their waiver, we see no reason

why the judge did not also ask defendant Guarino, unless he already knew that Guarino had no intention of waiving his right. There is not a scintilla of evidence in the record before us that Guarino ever consented orally in open court to waive a jury prior to or during the trial; nor is any waiver "by oral consent" found "entered in the minutes or docket" as required by section 631, subdivision 3, or elsewhere in the official records of the court.

Respondent seeks to defend the action of the trial judge by arguing that immediately prior to the time the case was called the parties in the judge's chambers orally agreed "that the jury was to be waived" (R.B., p. 5), and that the day after the trial and the submission of the cause, Guarino executed a written waiver of jury. The record does not include a reporter's transcript of any proceeding in chambers; it does contain a document entitled "Waiver of Jury" signed by Guarino, undated, but filed with the court below two days after the trial.

However an affidavit of the city attorney in opposition to appellant's motion for new trial asserts that in a conference in chambers immediately prior to the trial the matter of a jury was discussed and each party in turn, including Guarino "stated that the jury trial was waived"; Guarino in his affidavit swore that his only statement referred to his inability to post jury fees. On appeal from the judgment we must consider the issue whether Guarino was denied his constitutional right of a trial by jury in a light most favorable to him. (*Commercial Transfer, Inc.* v. *Daigh & Stewart*, 33 Cal. App.2d 370 [91 P.2d 951].) But regardless of the conflict, the conduct and statements of the trial judge in open court immediately after the conference in chambers appear to be the best evidence of what was said. Without question, attorneys for the city and defendant Kumnick declared in chambers that they would waive a jury for immediately thereafter in open court the judge followed this up by stating for the record: "[T]he city of Redondo Beach waives the jury trial," and "I take it you [counsel for defendant Kumnick] are not either [prepared to post jury fees]. . . ." But it is readily apparent that in chambers Guarino neither waived a jury nor indicated his willingness to do so, for the trial judge thereafter in open court was silent in this regard, and for the record neither declared Guarino's waiver, as he did for the others, nor asked him if he waived a jury. Moreover, it seems to us that had Guarino stated in chambers "that a jury trial

was waived," upon his failure thereafter to state his waiver in open court the judge would have mentioned it and declared the waiver, not on the basis of his failure to post jury fees, but on his oral consent to waive theretofore given in chambers, so that it could be properly entered in the record, because a waiver "by oral consent" *must* be "in open court" and "entered in the minutes or docket." (§ 631, subd. 3); *People* v. *Metropolitan Surety Co.*, 164 Cal. 174 [128 P. 324, Ann. Cas. 1914B 1181]; *Ford* v. *Palisades Corp.*, 101 Cal. App.2d 491 [225 P.2d 545].) There is nothing in the record, including the reporter's transcript, that could support any finding that Guarino orally waived a jury, and, in any event, regardless of what may have occurred in chambers, there clearly was no waiver of Guarino "by oral consent, in open court, entered in the minutes or docket." (§ 631, subd. 3.)

Nor, as we have hereinabove pointed up, does appellant's subsequent participation in the trial constitute a waiver or estop him from asserting his right on this appeal. In light of the record, implicit in the colloquy between the court and Guarino is the latter's continued demand for a jury and the trial of the cause without a jury over his objection. Having originally demanded his right to a jury, in the absence of a waiver under any of the provisions of section 631, Guarino "did not lose that right by going to trial without a jury . . ." (*Mutual Bldg. & Loan Assn.* v. *Corum*, 220 Cal. 282, 291 [30 P.2d 509, 513]), or by his silence upon the denial of his right. (*Smith* v. *Pollock*, 2 Cal. 92.) "Any error in denying a jury trial is not waived by going to trial, after such denial, but may be reviewed upon a direct appeal from the judgment. (*In re Robinson*, 106 Cal. 493 [39 P. 862].)" (*Stern* v. *Hillman*, 115 Cal.App. 156, 158 [300 P. 972].) Thus, Guarino was within his right to proceed to trial and later seek to have the court's ruling reversed on appeal from the judgment. (*Hertter* v. *Addis*, 89 Cal.App. 160 [265 P. 298].)

Perhaps the city attorney would have here made a better showing had he remained silent concerning his participation in the execution of the alleged written waiver of jury trial. The next day after the trial and submission of the cause, he, apparently realizing the error, told Guarino over the telephone that he "would have to come down and sign some papers." Accordingly, Guarino went to the city attorney's office and signed, what Cowan claims to be, a waiver of jury trial with retroactive effect. The document was not dated but was filed with the court two days *after* the trial. Guarino's

affidavit in support of his motion for a new trial states that Cowan told him that the judge wanted the papers signed, and he felt that if the judge wanted this he had no alternative but to sign the document, believing it to be a "routine matter" and in no way affecting any of his rights; and that he "was coerced into signing the papers and did not sign of his own free will" and "never did waive his right to a jury trial." On the other hand, Cowan's affidavit states that "he explained to Guarino the nature of the document, that it was in the usual form," that the only conversation "was a simple statement that this was a written waiver of jury to be filed in the case," and that no coercion or duress was used. However, whatever the circumstances surrounding the execution of the alleged waiver, it is undisputed that Guarino, without counsel, was asked by the city attorney to sign the document the day *after* the trial had concluded and the cause was submitted; and he did so. We think it does not constitute a waiver under section 631, subdivision 2.

The waiver provisions of section 631 contemplate the existence of a right to waive before action under any one of these provisions can constitute an effective waiver. "In order for there to be a waiver there must be an existing right to be waived (*Craig* v. *White,* 187 Cal. 489 [202 P. 648]; *San Bernardino Inv. Co.* v. *Merrell,* 108 Cal. 490 [41 P. 497]; *National etc. Oil Co.* v. *Chappellet,* 4 Cal.App. 505 [88 P. 506]). The facts here demonstrate that at the time of the alleged waiver petitioner did not have a presently existing right to a trial by jury of the issues in question." (*Schultz* v. *Superior Court,* 143 Cal.App.2d 781, 782 [300 P.2d 275].) While in the *Schultz* case, *supra,* the jury had been "waived" before the right came into existence, in the case at bar it was "waived" after the existing right was denied and when there was no longer any issue to be tried. There was then no existing right to a trial by jury of the issues. (*Schultz* v. *Superior Court,* 143 Cal.App.2d 781, 782 [300 P.2d 275].) Guarino having already been denied his constitutional right to a trial by jury in a most summary manner, this was but a clumsy attempt to cover up the obvious error of the trial judge.

There appears to be a substantial dispute in the record relative to the fair market value of Guarino's property in July 1959. As to whether it is likely that a different result could be anticipated from another trial, we are referred to the affidavit of a realtor-appraiser filed in support of Guarino's motion for a new trial to the effect that a subsequent ap-

praisal of the property sets its fair market value as of July 1959, in excess of twice the amount of the judgment. We are inclined toward the view of the court in *Cowlin* v. *Pringle,* 46 Cal.App.2d 472 [116 P.2d 109], ''Where as here the right to trial by jury is denied to one justly entitled thereto such denial amounts to a miscarriage of justice and a reversal of the judgment is required. (*Union Oil Co. of California* v. *Hane,* 27 Cal.App.2d 106, 110 [80 P.2d 516].)'' (Pp. 476-477.) We conclude that the lower court denied Guarino's right to a trial of the cause by jury and thus erred in denying his motion for a new trial.

For the foregoing reasons the judgment is reversed.

Wood, P. J., and Fourt, J., concurred.