[Civ. No. 14349. Fourth Dist., Div. One. Aug. 5, 1976.]

TINA HEIM et al., Plaintiffs and Appellants, v.
DAVID VERLE HOUSTON et al., Defendants and Respondents.

## COUNSEL

Thacher & Hurst, George G. Hurst and William J. McGrath for Plaintiffs and Appellants.

Higgs, Fletcher & Mack and Donald H. Glaser for Defendants and Respondents.

## OPINION

AULT, J.—This case presents the issue of whether the plaintiff was improperly denied a jury trial. Plaintiff Tina Heim filed an action in the

San Diego Superior Court against defendant David Houston for personal injuries sustained on April 4, 1970, when an automobile she was driving collided with a pickup truck driven by Houston. Sitting without a jury, after having denied plaintiff's request for a jury on the first day of trial, the trial court found both drivers were negligent and gave judgment for the defendant.

Just as criminal defendants have been known to play the game of "waive the lawyer" (see *People* v. *Weston,* 9 Cal.App.3d 330, 334 [87 Cal.Rptr. 922]), so civil trial counsel sometimes joust at "waiving the jury," if the conditions are right. Such maneuvering, as this case demonstrates, can have serious consequences, for if plaintiff's contention that she was improperly denied a jury trial is upheld, reversal of the judgment is required (*City of Redondo Beach* v. *Kumnick,* 216 Cal.App.2d 830, 839 [31 Cal.Rptr. 367]), and the retrial will be governed by the new rules established in *Li* v. *Yellow Cab Co.,* 13 Cal.3d 804 [119 Cal.Rptr. 858, 532 P.2d 1226] (see p. 829).

There is no dispute over the basic facts which led to the court's ruling denying plaintiff's request for a jury trial. Plaintiff's memorandum to set (rule 206, Cal. Rules of Court) was filed on January 30, 1973. Under a heading entitled "Type of Trial" a box was checked after the words, "Non Jury." Defendant's memorandum to set was filed on February 5, 1973. It requested a *jury trial.*

The case was set for trial on May 1, 1974, and timely notice was sent to the parties by the clerk. It trailed in the presiding department until May 8, 1974, when it was assigned to department No. 6 for trial. Plaintiff and her counsel arrived at department No. 6 prepared for and expecting a jury trial. There, for the first time, they were advised by the clerk that jury fees had not been deposited by the defendant and that there was a question as to whether there would be a jury trial. Plaintiff's attorney then spoke to defendant's counsel who told him the failure to deposit the jury fees was an "oversight" by his secretary. He stated he was going to consult with his client and his principal with regard to a jury waiver and would let him and the court know of his position in the matter. Plaintiff's attorney then consulted with his client who expressed a preference for a jury trial. Their discussion, however, was not completed when it was interrupted by the judge who summoned the attorneys to a conference in chambers.

In chambers, the defense attorney explained the problem to the court and stated he had obtained the consent of his client to proceed by a court trial. Plaintiff's attorney stated this did not solve the matter because he had been talking to his client and, although the discussion was not complete, he thought they would want a jury trial. Defense counsel pointed out that plaintiff had not requested a jury trial in the memorandum to set and stated he thought the matter should proceed without a jury for that reason. The court's ruling is reflected in its findings of fact and conclusions of law which recite: "Defendants having previously requested a trial by jury but said trial by jury having been waived by Defendants' not posting jury fees prior to the time of trial and said Defendants, in chambers, also expressly waiving their right to a jury trial and the Court finding that Plaintiff had not previously requested a trial by jury, denies Plaintiff's request for a jury trial; . . ."

The right to a jury trial in a civil action may be waived "by the consent of the parties, signified in such manner as may be prescribed by law." (Cal. Const., art. I, § 7.) ■ The methods of waiver are set out in Code of Civil Procedure section 631, and it is well settled that trial by jury may be waived *only* in the manner designated by the code section, and *not by implication* (*De Castro* v. *Rowe*, 223 Cal.App.2d 547, 552 [36 Cal.Rptr. 53]).

■ Here, defendant's initial demand for a jury trial was waived when he failed to deposit jury fees 14 days before May 1, 1974, the date the case was set for trial (Code Civ. Proc., § 631, subd. 5). However, this failure brought into play subdivision 4 of the code section, the pertinent portion of which reads: ". . . provided further, that in any superior court action if a jury is demanded by either party in the memorandum to set cause for trial and such party thereafter by announcement or by operation of law waives a trial by jury, then in said event any and all adverse party or parties shall be given 10 days' written notice by the clerk of the court of such waiver, whereupon, notwithstanding any rule of the court to the contrary, such adverse party or parties shall have not exceeding five days immediately following the receipt of such notice of such waiver, within which to file and serve a demand for a trial by jury and deposit advance jury fees for the first day's trial whenever such deposit is required by rule of court, and if it is impossible for the clerk of the court to give such 10 days' notice by reason of the trial date, or if for any cause said notice is not given, the trial of said action shall be continued by the court for a sufficient length of time to enable the giving of such notice by the clerk of the court to such adverse party."

Since defendant, after demanding a jury trial in his memorandum to set, waived it by failing to deposit jury fees 14 days before the date the case was set for trial, subdivision 4 of the section required the clerk of the court to give plaintiff 10 days' notice of the waiver. It is not disputed that the clerk *did not give* the required notice.[1] The clerk was not relieved of the duty to give the 10 days' notice of defendant's waiver because plaintiff had previously filed a memorandum to set in which she designated the trial as nonjury. Subdivision 4 required the notice to be given whenever "either party" has demanded a jury trial in the memorandum to set and later has waived it "by announcement or by operation of law."[2]

Since the 10 days' notice was not given by the clerk, subdivision 4 required the court to continue the trial for a sufficient time for the notice to be given and to afford the plaintiff 5 days in which to demand a jury and deposit advance jury fees. The court's summary denial of plaintiff's request for a jury trial, where the requirements of the subdivision had not been met, constituted an erroneous denial of plaintiff's right to a jury trial and a miscarriage of justice requiring reversal of the judgment (*City of Redondo Beach* v. *Kumnick, supra,* 216 Cal.App.2d 830, 839). Plaintiff's participation in the trial after her request for a jury had been denied does not preclude her from asserting error in the ruling on appeal. (*Ibid.,* p. 837.)

This holding makes it unnecessary to consider plaintiff's additional contention that the evidence was insufficient to support the finding she was guilty of contributory negligence.

The judgment is reversed.

Brown (Gerald), P. J., and Cologne, J., concurred.

---

[1]Defendant makes no contention the clerk gave the required notice. In addition we have ordered the original superior court file transmitted to this court under rule 12, California Rules of Court. Examination of the file shows the notice was not given.

[2]We reject defendant's claim the case is governed solely by subdivision 2 of section 631 which reads: " . . . by written consent filed with the clerk or judge." If that part of plaintiff's setting memorandum which designates the trial as a "non-jury" constituted a written consent to a nonjury trial within the meaning of subdivision 2, the notice requirement of subdivision 4 must still be complied with where the other party to the action demands a jury trial in his memorandum to set and later waives the right either by announcement or by a failure to deposit fees as required by the statute. In our view, the quoted provisions of subdivision 4 were designed to prevent exactly what occurred in this case. If the Clerk of the San Diego Superior Court is not regularly giving that notice provided for in subdivision 4 under the circumstances which developed in this case, he should begin doing so immediately.