Filed 11/20/13  Bradley v. Carson CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| DONALD BRADLEY,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>FLETCHER CARSON,<br><br>      Defendant and Appellant. | A136790<br><br>(Marin County<br>Super. Ct. No. CIV1105143) |

Defendant Fletcher Carson appeals from the judgment issued after a bench trial. The trial court found defendant personally liable in connection with a loan made to him by plaintiff Donald Bradley.  On appeal, defendant asserts the court erred by denying him his right to a jury trial.  He also contends the judgment is not supported by substantial evidence and raises various other claims of error.  Because we conclude defendant waived his right to a jury trial and has failed to demonstrate the judgment is not supported by substantial evidence, we affirm.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The essential facts in this case are undisputed.  The parties agree that plaintiff began loaning money to defendant in August 2009 in connection with defendant's business venture.  A total of $46,620 was loaned.  Defendant promised to pay back that amount, plus an additional $13,310.  Plaintiff never received any payment from defendant.  The principle issue in dispute is whether defendant is personally responsible for the loan, or whether the loan was made to him in his capacity as an officer of the business.

1

On February 3, 2012, plaintiff filed a first amended complaint (FAC). The FAC states causes of action for breach of contract and for common counts.

On March 1, 2012, defendant filed a demurrer to the FAC.

On April 3, 2012, the trial court overruled defendant's demurrer to the FAC in its entirety.

On April 9, 2012, defendant filed his answer to the FAC. The answer includes a demand for a jury trial pursuant to Code of Civil Procedure section 631.

On August 14, 2012, the trial commenced. Defendant moved for a continuance and asked if the matter would remain a jury trial. The hearing was put forward to the following day. The minutes indicate the trial court had not received any jury fees or any of the required jury documents.

On August 15, 2012, the trial court presided over a short bench trial. The proceeding was not transcribed by a court reporter.

On August 24, 2012, the trial court filed its amended judgment. The court noted the key issue was whether the money was lent to defendant personally or in his capacity as an officer of the then-defunct corporation. The court found plaintiff was entitled to judgment against defendant personally.

In reaching its result, the trial court noted: "The parties had a friendly relationship before they entered into this financial relationship. [Defendant] sent [plaintiff] several emails asking for money, telling him he could not afford to pay his rent, his bills, and his cost of living. He told [plaintiff] that the money 'will not be an investment.' [Citation.] Some of the funds were cash advances that [plaintiff] handed to [defendant]. It is true, as [defendant] points out, that all defendant's emails were signed 'Fletcher Carson, Chief Technology Officer, Verismart Software, Inc.,' yet this is not enough to shield [defendant] from personal liability. If [defendant] wished to make these funds clearly a corporate debt, he had the knowledge and the wherewithal to document the transactions as such, as he did with other transactions involving funds he received from plaintiff and other investors. [Citation.] If defendant wished to protect himself from personal liability, it was his job to do so. Otherwise, plaintiff was entitled to believe that he was dealing

2

with an individual."  The court awarded total damages in the sum of $59,930, together with interest of $8,489 and court fees.

On October 4, 2012, defendant filed a notice of appeal.

On October 15, 2012, defendant filed a motion to use a settled statement on appeal.

On November 13, 2012, the trial court granted defendant's motion to use a settled statement.  The court's initial order included the following advisement:  "If defendant wishes to augment the record with a summary of the testimony presented by both sides, he must submit his proposed summary to the court by 11/27/12.  Plaintiff may submit his proposed summary to the court by 12/11/12.  The hearing on the settled statement will occur on 12/18/12."

On November 21, 2012, defendant submitted a proposed settled statement.

Neither party appeared at the hearing to confirm the settled statement.  The trial court declined to adopt defendant's proposed settled statement, finding it "contains numerous misstatements of fact."  The court reported as follows:  "Plaintiff presented credible evidence that the money was loaned to defendant personally to pay for his necessary living expenses, and the court accepted this evidence in issuing its decision. The court has no further recollection of the facts at trial, other than those in its judgment."

**DISCUSSION**

### I.  Right to Jury Trial

Defendant contends that the trial court erred in denying his request for a jury trial. "While the better practice is to seek review of such a ruling by writ, saving the time and expense of a court trial if a jury trial improperly was denied, the ruling may be reviewed on appeal from the judgment."  (*Van de Kamp v. Bank of America* (1988) 204 Cal.App.3d 819, 862.)  On appeal from the judgment we consider the issue whether appellants were denied their constitutional right of a trial by jury in a light most favorable to the appealing party.  (See *Redondo Beach v. Kumnick* (1963) 216 Cal.App.2d 830, 836; *DiPirro v. Bondo Corp.* (2007) 153 Cal.App.4th 150, 176 [" 'Where it is doubtful whether a party

3

has waived his or her constitutionally protected right to a jury trial, the question should be resolved in favor of preserving that right.' "].)

The failure to post jury fees in a timely manner effects a waiver of the right to a jury trial. (Code Civ. Proc., § 631, subd. (f)(5); *Tesoro del Valle Master Homeowners Assn. v. Griffin* (2011) 200 Cal.App.4th 619, 638 (*Tesoro*).) In the present case, there can be no dispute defendant failed to make a jury fees deposit or seek a waiver of the fee requirement prior to trial. Accordingly, his right to a jury trial was waived. At the time of trial, former Code of Civil Procedure section 631, subdivision (f)(5), provided, in relevant part: "A party waives trial by jury . . . [¶] . . . [¶] (5) [b]y failing to deposit with the clerk, or judge, advance jury fees . . . as applicable."[1]

Defendant states he argued to the trial court that he already had obtained a fee waiver that covered the jury fees, however, he claims the court indicated that a different fee waiver was required. On appeal, he asserts the court "simply took advantage of the pro se litigants [*sic*] misunderstanding" as to court rules regarding fee waivers. This argument is specious, as the Judicial Council Form entitled "Request to Waive Additional Court Fees" (Form FW-002) contains a clearly marked box that applicants can check to request a waiver of jury fees and expenses.[2]

Notwithstanding defendant's waiver, the trial court had the discretion to permit a jury trial despite his failure to post fees. (Code Civ. Proc., § 631, subd. (g); *Tesoro, supra,* 200 Cal.App.4th at p. 638.) "In exercising its discretion, a court is entitled to consider many factors, including the possibility of delay in rescheduling the trial for a jury, lack of funds, timeliness of request and prejudice to all the litigants." (*March v. Pettis* (1977) 66 Cal.App.3d 473, 480.)

---

[1] Former Code of Civil Procedure section 631 (stats. 2012, ch. 41 § 3 (SB 1021), eff. June 27, 2012).

[2] Defendant's waiver form is not included in the record on appeal. The trial court's order on the fee waiver request is included and reflects that defendant did not file a request to waive additional court fees.

4

There is nothing in the appellate record to show that defendant requested relief from his waiver of a jury trial. (*Taylor v. Union P. R. Corp.* (1976) 16 Cal.3d 893, 900 ["Legal points of this nature (request for relief from waiver of jury trial) must be presented on appeal by a record supporting trial assertion of the claim."].) But assuming he did, defendant has nevertheless failed to carry his burden to show that the trial court abused its discretion in denying him relief from waiver. He did not provide this court with a reporter's transcript or other evidence showing the reasons the court gave for proceeding with a bench trial. As a basic tenet of appellate review, the lower court's order enjoys the presumption of correctness and it is an appellant's burden to procure a record in order to show otherwise. In the absence of a record demonstrating an abuse of discretion, we presume the court articulated sound reasons for its decision. (See *Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132.)[3]

## II. The Incomplete Record Requires Us to Affirm the Judgment

Defendant finds fault with the trial court's legal conclusions, and contends its factual findings are not supported by substantial evidence. Again, his claims fail due to the inadequacy of the record on appeal.

It is established that "[j]udgments and orders are presumed correct on appeal, and the appellant bears the burden of overcoming that presumption by affirmatively demonstrating reversible error. [Citations.] The appellant must provide an adequate record to demonstrate that error." (*Forrest v. Department of Corporations* (2007) 150 Cal.App.4th 183, 194, disapproved in part on another ground as stated in *Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1172, fn. 3.) To the extent the record is inadequate, we make all reasonable inferences in favor of the judgment. (*Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712.)

As noted above, a court reporter was not present when the bench trial was conducted. Consequently, the record on appeal does not contain a transcript of the trial. "Where no reporter's transcript has been provided and no error is apparent on the face of

---

[3] This same rationale defeats defendant's claim that the trial court abused its discretion in denying his request for a continuance.

the existing appellate record, the judgment must be conclusively presumed correct as to all evidentiary matters.  To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error.  [Citation.]  The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence." (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.)  Thus, we presume the testimony at trial was sufficient to establish that the loan was made to defendant personally, and not in his business capacity.

The record does include the settled statement.[4]  It is well established that "we are bound to assume that enough appears in the settled statement to enable us to decide whether reversible error was committed; and we must make our ruling upon what is affirmatively shown by the record." (*People ex rel. Dept. Public Works v. Bond* (1964) 231 Cal.App.2d 435, 437.)  There is nothing in the settled statement to support defendant's asserted claims of error.  The court declined to adopt his proposed settled statement and he has failed to show the court erred in making that decision.

**DISPOSITION**

The judgment is affirmed.

_____
Dondero, J.


We concur:


_____
Margulies, Acting P. J.


_____
Banke, J.

---

[4] Neither party requested a statement of decision from the trial court.

6